The Borough of Shamokin, Appellant, *v.* The Shamokin
Street Railway Company.

*Street railways—Repair of streets—Contract boroughs.*

An ordinance of a borough granting to a street railway company the right to lay its tracks upon the streets of the borough, provided that the tracks should be laid upon the grade of the streets; that the company should " maintain and keep in repair a road bed four and a half feet in width from the centre of their track, on either side of said centre," that the company should use the same material in making such repairs that the borough might use for the same purpose or such other material as the borough should approve; and that the company should on being notified so to do for fifteen days before the work was to begin join with the borough in the improvement of any street by repairing or macadamizing as the borough might elect, and repair and macadamize the nine feet of road provided for by the ordinance at its own cost. *Held,* that while the borough could not demand that the railway company should pay the cost of a pavement different in kind from what the borough used, it could demand that the company should pay the cost of putting its tracks on the legal grade, and also its share of the cost of repairs as provided by the contract.

Argued May 26, 1896. Appeal, No. 351, Jan. T., 1896, by plaintiff, from judgment of C. P. Northumberland Co., Sept. T., 1895, No. 98, on verdict for defendant. Before STERRETT, C. J., GREEN, WILLIAMS, DEAN and FELL, JJ. Reversed.

Assumpsit to recover cost of paving a street. Before BARKER, P. J., of the 47th judicial district, specially presiding.

The material portions of the ordinance relating to the paving of the street by defendant were as follows:

Section III. The Shamokin Street Railway Company shall at their own expense maintain and keep in good repair the roadbed of four and a half (4 1/2) feet in width from centre of their said track on either side of said centre or a roadbed of nine (9) feet in width over and upon all streets over which right of way is hereby given or granted, and said railway company are to maintain and keep in repair said nine (9) feet with the same kind of material used by the borough authorities from time to time or such other material as is approved by said authorities, on all streets over which they are licensed to pass

whether they have laid their track or not, and further that the said street railway company are required to maintain and keep said nine (9) feet in repair, and upon the borough authorities giving said railway company a fifteen (15) day notice of their intention to repair or macadamize any of said streets over which said street railway passes, said railway company shall macadamize or repair their portion of nine (9) feet, and upon their failure to do so, the borough authorities shall go on with the work, and enter a lien for materials furnished and work performed with a penalty of twenty (20) per centum added, and if the same is not paid within six (6) months from the filing of said lien, the right of way is hereby forfeited and this ordinance void.

Section IV. The track of said railway company to be laid to grade and in centre of all streets over which right of way is given.

The court charged in part as follows:

[The defendant contends that under the terms of its contract it was not bound to pave this street in the manner required of it by the notice and the specifications referred to therein, and as we view the law its contention is correct. The clear contemplation of the third section of the ordinance was only to bind the railway company to maintain and keep in good repair a roadbed of nine feet, and the phraseology of that section of the ordinance satisfies us of the clear intent of the parties at the time, and that that was the only obligation imposed upon the railway company, as is evidenced by several clauses in that section. For instance, in the first portion of the section referred to it is provided that the railway company shall maintain and keep in repair the said nine feet with the same kind of material used by the borough authorities from time to time, or such other material as is approved by the said authorities; indicating to our mind that they had in contemplation the possibility of a change of the material of which that street was constructed, and when such time came as the borough did change the material of which that street was constructed, then the obligation was imposed upon the railway company of keeping and maintaining the street in repair with such material as was adopted and used by the borough. In other words, instead of obliging them to make a

new street and paving it with the new material, they simply were obligated to keep the street in repair with such material as was used at that time or might subsequently be adopted by the borough authorities.] [5] .

Again, in the later part of the section, the obligation is imposed upon the railway company to repair or macadamize any of said streets, if notified by the borough that it was the intention of the borough to macadamize the street. Indicating that the railway company only bound themselves, in case there was a change in the structure of the street, to macadamize it.

It cannot be argued that there can be included in the word macadamize the paving with asphalt. When the borough concluded to change the structure of the street by using asphalt upon it, the ordinance, the notice, and the specifications made part of the notice, all indicate that it was not a repairing of the street, as argued in this case. It was clearly a reconstruction of the street involving a change of material to the depth of at least nine inches, and no possible construction of this section of the ordinance, which constitutes the contract between the parties, can place upon the defendant the obligation to so change the entire structure of the street as was clearly contemplated by the ordinance, the notice and the specifications referred to.

There being no obligation then upon the defendant to, even after notice, resort to any such expenditure as was resorted to in this case, it is our duty, as we view the law, to instruct the jury to render a verdict for the defendant; [and therefore the first point submitted by the defendant, to wit: that under all the evidence in this case the verdict must be for the defendant, is affirmed.] [7]

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* among others were (5, 7) above instructions, quoting them.

*W. H. M. Oram,* with him *John Quincy Adams,* for appellant.—Statutes and ordinances conferring privileges on corporations must be most strictly construed and in the interest of the public: Emerson v. Com., 108 Pa. 111; Bank of Penna. v. Com., 19 Pa. 149; Gas Light Co. v. Gas Co., 161 Pa. 510; Packer v. Sunbury & Erie R. R. Co., 19 Pa. 211; Pa. R. R. Co.

v. Canal Commissioners, 21 Pa. 9; Allegheny v. Ohio & Pa.
R. R. Co., 26 Pa. 355; Dugan v. Monongahela Bridge Co., 27
Pa. 303; West Branch Boom Co. v. Dodge, 31 Pa. 285; Com. v.
Central Passenger Ry. Co., 52 Pa. 506; Johnson v. Philadel-
phia, 60 Pa. 445; 13th & 15th Street Railway Co. v. Phila., 13
W. N. C. 487; Phila. & Grays Ferry Passenger Ry. Co. v.
Phila., 2 W. N. C. 639.

The extent of the repairs or their magnitude can make no
difference if the duty rested on the defendant to make them, or
whether it involved a change of material to the depth of nine
inches or to any extent, if the change of material was contem-
plated, or in accordance with the agreement of the parties. Nor
is it pertinent that it was expensive. No amount of hardship
can excuse performance: Allegheny v. Millville etc. St. Ry.,
159 Pa. 411; McKeesport Boro. v. McKeesport Pass. Ry., 158
Pa. 449; Pittsburg etc. Pass. Ry. v. Pittsburg, 80 Pa. 72;
Phila. v. Ridge Ave. Pass. Ry., 124 Pa. 219; Ridge Ave. Pass.
Ry. v. Phila., 143 Pa. 444; 13th & 15th St. Pass. Ry. v. Phila.,
13 W. N. C. 487; Pittsburg etc. Pass. Ry. v. Pittsburg, 80
Pa. 72.

*C. M. Clement* and *S. P. Wolverton*, with them *Samuel Heck-
ert*, for appellee, cited: Norristown v. Norristown Pass. Ry.,
148 Pa. 87; Baltimore v. Scharf, 54 Md. 499; Binghamton v.
Binghamton & Port Dickson Ry., 16 N. Y. Supp. 225; Western
Paving & Supply Co. v. Citizens Street Ry., 128 Indiana, 525;
Booth on Street Ry., secs. 241, 242, p. 338,; State ex rel. v. Cor-
rigan St. Ry., 85 Mo. 263; Galveston v. Galveston City Ry.,
46 Texas, 435.

OPINION BY MR. JUSTICE WILLIAMS, October 5, 1896:

This is an action on a contract. The terms of the contract
are to be found in the provisions of an ordinance of the borough
of Shamokin granting leave to the defendant company to oc-
cupy certain streets in said borough with its line of street rail-
way. This ordinance was duly accepted by the company, and
under its authority the line of street railway was built upon the
several streets to which it related, including Shamokin street.

By the acceptance of this ordinance the defendant company
undertook to lay its track upon the grade of the streets it should

occupy; to "maintain and keep in repair a roadbed four and a half feet in width from the center of their track, on either side of said center " on all such streets; to use the same material in making such repairs that the borough might use for the same purpose, or such other material as the borough should approve; and that the company would, on being notified so to do for fifteen days before the work was to begin, join with the borough in the improvement of any street by repairing or macadamizing as the borough might elect, and repair or macadamize the nine feet of roadbed provided for by the ordinance at its own cost. No notice that the track was not laid upon the grade of the streets was required to be given to the company. The right to build was granted upon the express condition that this should be done. If the track was not so laid it was without any right in the street, and was an unauthorized obstruction to the public travel over it.

A notice was required only when action was to be taken by the borough for the repair or macadamizing of a street over which the defendant's line passed; and the object of the notice was to make it practicable for the borough and the railway company to proceed with the proposed improvement at the same time, so that the work might be done in the most convenient, economical and expeditious manner. The breaches of this contract for which the plaintiff claims in its statement of its cause of action to recover in this case are the failure to repair and to pave after notice. Evidence was offered tending to show that the street railway track on Shamokin street was not laid on the proper grade; that the street was out of repair; that the borough decided to repair it and to pave it with asphaltum; that notices were given to the defendant company of the condition of its track, and of the street, and of the purpose to pave with asphaltum; that these were disregarded by the company; in consequence of which the work was all done by the borough. Upon this state of facts the plaintiff asked to recover from the defendant company the cost of the work done by it which it was the duty of the defendant, under the terms of its contract, to have done. The answer made by the defendant does not deny the contract, nor that work was done as charged in the statement, but alleges that the borough adopted a mode of pavement for Shamokin street not contemplated by the contract and for which the defendant is not liable.

The defense is substantially this: " You asked us to do more than we were bound to do, and for that reason we will do nothing. It is true we were bound to put our track on the grade of the street, to repair the street, to pave it with macadam, but when all the preliminary work was done you put down asphaltum instead of macadam. This not only relieves us from the cost of the asphaltum but releases us from the obligation to do what our contract required us to do."

The learned trial judge seems to have adopted this view of the defendant's liability, as the rulings complained of in the several assignments of error rest on the fact that the pavement was not such as the contract provided for. We agree with the learned trial judge that it was not in the power of the borough to change the contract and increase the liability of the defendant without its consent. The attempt to do this must of course fail. But the effort to impose an additional liability cannot operate to release the defendant from its contract. That remains in full force. By its express terms the defendant was bound to place its track on the grade of the street. It was served with a notice, to which it was not entitled, requiring this to be done, but it left the work for the borough to do. For this it is clearly liable. It was served with a notice to repair and pave Shamokin street.

To this it was entitled. As to all the work contemplated by it except the putting down of asphaltum it was bound under its contract. It did nothing. All that was rightly done by the borough after the notice to repair and pave was served, except that which was rendered necessary by the adoption of the asphaltum in place of macadam, is within the spirit and the letter of the contract, and for the proper share of the expenses incurred in so much of the work done the plaintiff is entitled to recover. The action of the borough was a determination that the street needed repair and a pavement. This was binding on the railway company. If a macadam pavement had been adopted the railway company would have been bound to join in putting it down or to pay the cost to the borough with a penalty of twenty per cent added. But the borough substituted another kind of pavement which the defendant had not contracted to be liable for. In so far it exceeded its authority under the contract, and to the extent of this excess it cannot

relieve the borough treasury by calling on the defendant under the terms of the ordinance. The assignments of error relating to this question are sustained, the judgment is reversed and a venire facias de novo is awarded.