E. T. NOONAN *et al.*

*v.*

THE PEOPLE *ex rel.* Raymond, County Collector.

*Opinion filed December 18, 1899.*

1. PUBLIC IMPROVEMENTS—*manner of paving intersection of streets rests with city council.* Where intersecting streets are to be paved with different material only one of the streets can be given a continuous pavement, and it is for the council to determine which kind of pavement shall be used at the street intersection.

2. SAME—*council may repeal part of ordinance affecting street intersection.* Where no steps have been taken under an ordinance for paving a street, the city council may, by a later ordinance for paving an intersecting street with different kind of pavement, repeal so much of the earlier ordinance as applies to the area covered by the street intersection, without otherwise affecting its validity.

3. APPEALS AND ERRORS—*what will be presumed on appeal from a judgment of sale.* It will be presumed, on appeal from a judgment of sale for an unpaid special assessment for paving a street, that the commissioners did not include in their estimate the cost of paving a street intersection concerning which the ordinance had been repealed, or, if they did, that the court, in confirming the assessment, reviewed their action and reduced the estimate.

APPEAL from the County Court of Cook county; the Hon. R. W. S. WHEATLEY, Judge, presiding.

EDWARD T. NOONAN, ALFRED T. JOHNSON, and WILLIAM J. DONLIN, for appellants,

CHARLES M. WALKER, Corporation Counsel, ARMAND
F. TEEFY, and DENIS E. SULLIVAN, for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

The county court of Cook county entered judgments
against certain lots owned by the appellants, respec-
tively, for the unpaid first installment of a special assess-
ment levied under an ordinance of the city of Chicago to
defray the expense of curbing, filling and paving Har-
vard street from Fortieth to Forty-second street. This
appeal challenges the jurisdiction of the county court
to entertain the application of the county collector and
enter judgment thereon, and also seeks to avoid the judg-
ments on the alleged ground the ordinance providing for
the said improvement had been repealed before the judg-
ment confirming the assessment was entered.

The first of these contentions was considered by this
court in the case of *Murphy* v. *People ex rel.* (*post,* p. 185,)
and decided adversely to the view advanced by the ap-
pellants.

The second contention is based upon the following
state of facts: On the 24th day of February, 1897, the
city council adopted an ordinance providing that Har-
vard street from the west curb line of Fortieth street to
the east curb line of Forty-second street, together with
the wings of all intersecting streets, should be improved
by the construction of an asphalt roadway and a granite
concrete combined curb and gutter, the entire cost there-
of to be paid by special assessment. South Forty-first
avenue intersects Harvard street between Fortieth and
Forty-second streets. On the 21st day of June, 1897, the
city council of said city passed an ordinance providing
for the improvement of said South Forty-first avenue
from the south curb line of Colorado avenue to the north
curb line of West Sixteenth street by paving the road-
way thereof with "wooden block" pavement and by curb-
ing same with sandstone curb-stones, to be paid for by

special assessment. Section 6 of the last mentioned ordinance is as follows: "That all ordinances or parts of ordinances conflicting with this ordinance be and the same are hereby repealed." Harvard street is situate between said Colorado avenue and said West Sixteenth street. The intersection of South Forty-first avenue and Harvard street is included within the improvements contemplated by each of the ordinances, the former, adopted February 24, 1897, providing it should be paved with asphaltum, and the latter, adopted June 21, 1897, that it be paved with wooden blocks. The assessment of benefits under the first of the ordinances was confirmed by a judgment of the county court of Cook county entered February 2, 1898,—more than six months after the adoption of the later of the ordinances.

The insistence of the appellants is the prior ordinance was repealed *in toto* by the later ordinance. We think not. The repealing clause incorporated in the later ordinance declared all ordinances or parts of ordinances in conflict with it to be repealed. The two ordinances are in conflict only as to the improvement of the street intersection at the crossing of Harvard street and South Forty-first avenue. The later ordinance would prevail, and operate to repeal that part of the prior ordinance which provides for the pavement of that intersection with asphaltum. In no other respect are the ordinances inharmonious.

The later ordinance having repealed the former so far as the paving of the intersection of said street and said avenue is concerned, there is no foundation for the insistence the property owners will be burdened with the double expense of paving the intersection under both ordinances. When the latter ordinance was adopted the cost of constructing the improvement contemplated by the former ordinance had not been estimated. Judgment confirming the estimate of such cost and the assessment of benefits arising from the improvement was

entered in February, 1898,—more than six months after the passage of the later ordinance. It was the duty of the commissioners appointed to estimate such cost to exclude from consideration the expense of paving such street intersection, for the reason the ordinance under which they were authorized to act had been repealed so far as it related to the street intersection. It is to be presumed they did exclude such expense, or, if they did not, that the court which confirmed the assessment reviewed their action in that regard and reduced their estimate. It was the privilege and likewise the duty of the appellants to raise that objection to the assessment roll, if it existed, and secure relief therefrom. It is therefore clear the adoption of the later ordinance did not necessarily operate unjustly upon those whose property would be called upon to contribute to the payment of the expense of the improvement contemplated by the former ordinance.

Nor do we think the improvement to be constructed under the former ordinance is to be regarded as constituting a single improvement, and that for that reason the repeal of a portion of its provisions is to be deemed the repeal of the ordinance as a whole. When intersecting streets are to be improved with different character of pavement the roadway of only one of the streets so to be improved can be given a continuous pavement, and it is the province of the city council to determine the character of the pavement which shall be used at such intersections. The interests and rights of the owners of lots abutting upon the respective streets to be improved, under such circumstances, is not the same with respect to the improvements to be made at the point of intersection of streets as in that portion of the public ways immediately in front of their respective lots. In determining the character of material to be used in constructing the pavement of street intersections other considerations than the rights and interests of such abutting property

owners become paramount in the deliberations of the city council. An ordinance for the improvement of a street may, therefore, be regarded as intended to accomplish different objects, viz., the improvement of the street in front of the property abutting thereon and the improvement of the area which is jointly occupied by that street and an intersecting street. The improvement of such public ways at street crossings and between those points is frequently treated as a separate object in the same ordinance. The manner of paving the roadways of different streets depends upon a variety of considerations, and is necessarily committed to the city council for determination. When different ordinances are adopted to effectuate the improvement of different intersecting streets it is necessary the city council, in adopting the later of such ordinances, shall take into consideration the manner in which the area occupied by both streets shall be paved. If, as was the case here, the council, when considering that question, should conclude the pavement of the street which they are about to order to be paved should be uniform in character across the street intersections, it would be entirely competent for them to repeal such portions of any prior ordinance under which no steps had been taken, as provided for a different kind of pavement at such points, without such action on their part having legal operation to abrogate the whole of the prior ordinance. As we have before seen, provisions in an ordinance relating to the construction of the pavement of a street at street intersections and at other points in the street are not necessarily or inseparably connected. That being true, the prior ordinance may be repealed so far as it relates to the improvement of street intersections, without impairing its validity in any other respect. *Wilbur* v. *City of Springfield,* 123 Ill. 395.

The judgment of the county court is affirmed.

*Judgment affirmed.*