## J. J. RONAN et al.

*v.*

THE PEOPLE *ex rel.* J. N. Shafter, County Collector.

*Opinion filed December 18, 1901.*

1. SIDEWALKS—*when a sidewalk is not constructed partly by special taxation and partly by special assessment.* If an ordinance provides for a sidewalk to be built by special taxation of abutting lots, but before any steps are taken the owners of more than one-half the property in one block petition to have the sidewalk in such block paid for by special assessment, it is not improper for the council to grant their request by passing an ordinance taking out of the original improvement the sidewalk in such block; and it is not a valid objection, upon application for judgment of sale for the special tax, that the sidewalk was constructed partly by special assessment and partly by special taxation.

2. SAME—*when sidewalk ordinance furnishes sufficient data to fix the amount of special tax.* A sidewalk ordinance particularly describing the manner of constructing the walk and the material and dimensions, and providing that the cost, exclusive of street intersections, shall be paid by special taxation upon the lots or parcels of land fronting upon the improvement, in proportion to their respective frontage, furnishes the necessary data for fixing the amount to be raised by special taxation.

3. SAME—*when bill of costs is sufficient.* If the contract for a sidewalk to be paid for by special taxation is let at a certain price per square foot for materials and a certain price per square foot for labor, a bill of costs which follows the terms of the contract is sufficient, where the lots are not charged with anything except the amount of the contract at the contract price.

APPEAL from the County Court of DeKalb county; the Hon. M. O. SOUTHWORTH, Judge, presiding.

JONES & ROGERS, for appellants.

CARNES & DUNTON, and H. W. PRENTICE, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The county court of DeKalb county overruled objections of appellants to the application of the county collector for judgment against their lots for a special tax levied by the city of DeKalb to pay for a cement sidewalk in front of the same.

Appellants present four points upon which they insist that the judgment of the county court was wrong. The first of these is, that the sidewalk was required to be constructed partly by special taxation and partly by special assessment, which, under the decision in *Kuehner* v. *City of Freeport*, 143 Ill. 92, cannot be done. The facts upon which it is claimed that the city attempted to combine the two methods are these: On July 25, 1900, the city council passed an ordinance providing for the construction of a cement sidewalk on the south side of Pleasant street from the west side of Fourteenth street to the east line of Seventh street, to be paid for, except as to street intersections, by special taxation of the lots, tracts and parcels of land fronting upon the same. The owners of more than one-half of the property abutting on the proposed sidewalk between Ninth and Tenth streets petitioned the board of local improvements of the city to build the sidewalk between said streets by special assessment. The board of local improvements granted the petition and submitted their recommendation that the sidewalk between Ninth and Tenth streets should be built by special assessment, together with an estimate of the cost, and an ordinance for a sidewalk to be paid for by

special assessment between said streets. This ordinance was passed by the city council August 4, 1900, and took out of the improvement the sidewalk between Ninth and Tenth streets. The city then proceeded to build the side-walk under the original ordinance, except that part so taken out of it. No part of the sidewalk was paid for in part by special assessment and in part by special taxa-tion, and the two schemes were not commingled as to any portion of the sidewalk. No steps had been taken under the original ordinance, and when the property owners petitioned to have a sidewalk built by special assessment in front of one block it was not improper for the council to grant their request. The council did not thereby affect the validity of the ordinance as to the remainder of the sidewalk. (*Noonan* v. *People*, 183 Ill. 52.) Whatever irregu-larities there may have been in the action of the council, the proceeding is not subject to the objection made, and the county court properly overruled it.

The second point is, that there was no ordinance es-tablishing the grade of Pleasant street where the side-walk was to be built. That question was presented as one of fact to the county court in this way: An original ordinance establishing grades on a number of streets was offered in evidence, and the name of this street had been interlined in the ordinance in the handwriting of the city attorney. The ordinance as recorded by the city clerk did not include the street or interlineation. The city at-torney testified that he interlined the name of the street in the ordinance before it was passed, and the county court concluded that the clerk made a mistake in record-ing the ordinance, and that it was passed in the form in which it was presented to that court. We cannot say that the conclusion of the county court was wrong in that respect.

The third point is, that the ordinance did not state the sum or give the data by which the amount to be raised by special taxation could be fixed, and that under the

rule laid down in *City of Sterling* v. *Galt,* 117 Ill. 10, the special tax could not be imposed. The ordinance provided with particularity the manner in which the sidewalk was to be built, its material and dimensions, and provided that the cost, exclusive of the intersections of streets and alleys, should be paid for by special taxation upon the lots, tracts and parcels of land fronting upon the line of the improvement, in proportion to their respective frontage thereon, and the residue was to be paid by general taxation. When the cost of the sidewalk was ascertained, the amount chargeable to each lot was to be determined according to its frontage and was readily ascertainable. This furnished the necessary data required by law.

The fourth point is, that no estimate of the cost of construction was made until after the sidewalk was built, and that the report of the committee of the cost of construction was inadequate in failing to give the amount of frontage of the entire improvement and in giving only the frontage of the separate lots, and in failing to give in separate items the cost of grading, laying down and supervision. The contract for building the sidewalk was let to a contractor by a public advertisement and public bidding. The contract was awarded at a certain price per square foot for materials and a certain price per square foot for labor. The report of the committee followed the terms of the contract, and the only thing which it is claimed was omitted is the cost of grading. The presumption would be that there was no grading unless it is included in the item of labor. The lots are not charged with anything except the amount of the contract at the contract price. No estimate of the cost of construction was required by statute in advance, and we regard the bill of cost as a sufficient compliance with the law.

The judgment of the county court is affirmed.

*Judgment affirmed.*