THE AMERICAN HIDE AND LEATHER COMPANY

*v.*

THE CITY OF CHICAGO.

|203 451|
|205 ²529|

|203 451|
|208 190|

*Opinion filed June 16, 1903.*

1. SPECIAL ASSESSMENTS—*court is without jurisdiction to confirm assessment if ordinance is void.* If the ordinance for a local improvement is void, the court is without jurisdiction to enter judgment confirming the assessment.

2. SAME—*when assessment ordinance is void.* An ordinance levying upon abutting property the entire cost of paving a street, including the cost of paving the space occupied by railroad track, which the railroad company was bound to pave, is void, and the court cannot eliminate the cost of paving such space upon application for confirmation, order the assessment re-cast and enter judgment of confirmation.

APPEAL from the County Court of Cook county; the Hon. L. C. RUTH, Judge, presiding.

This is an application in the county court of Cook county for the confirmation of a special assessment to pay for curbing, grading and paving with asphalt West Blackhawk street, in the city of Chicago, from the east curb line of North Paulina street to the westerly line of the street railway right of way on Elston avenue, in said city. The appellant appeared and filed objections to the confirmation of said assessment as to its property, which objections were overruled and the special assessment confirmed, and it has prosecuted an appeal to this court.

It appears from the record that the entire cost of said pavement was to be paid for by special assessment; that many years prior to the passage of the improvement ordinance James B. Galloway, his successors and assigns, was granted permission by the city to lay down, construct, maintain and operate a single track railroad, with necessary turn-outs and switches, over, across and along a portion of that part of the street required to be improved, and that by the terms of the ordinance granting to said Galloway, his successors and assigns, the right to lay a track in said street, he or his successors or assigns were required to pave the portion of the street occupied by said track and keep the same in repair, which ordinance had been extended and was in force at the time of the passage of the improvement ordinance. After the petition for confirmation had been filed, on the application of the commissioner appointed to spread the assessment, the court eliminated $700, the estimated cost for paving the portion of the street occupied by said track, from the original estimate of $29,500, and ordered the assessment to be re-cast on the basis of an estimated cost of $28,800.

LACKNER, BUTZ & MILLER, for appellant.

EDGAR BRONSON TOLMAN, and ROBERT REDFIELD, (CHARLES M. WALKER, of counsel,) for appellee.

Mr. CHIEF JUSTICE HAND delivered the opinion of the court:

It has been repeatedly decided by this court that the basis of every special assessment is a valid ordinance, and if the ordinance providing for a local improvement which is to be paid for by special assessment is void, the county court is without jurisdiction to confirm the assessment. *City of Alton* v. *Middleton's Heirs,* 158 Ill. 442; *Culver* v. *People,* 161 id. 89; *People* v. *Hurford,* 167 id. 226; *Smith* v. *City of Chicago,* 169 id. 257; *Johnson* v. *People,* 189 id. 83.

In *McFarlane* v. *City of Chicago*, 185 Ill. 242, it was held, under an ordinance requiring a railway company, as a condition to granting permission to lay tracks, to pay the cost of constructing a viaduct, with necessary approaches, and to keep the same in repair, that the railroad company, and not the abutting owners, must bear the expense of paving said approaches, and that it was error to assess the abutting property owners for the paving of the said approaches. And in *City of Chicago* v. *Nodeck*, 202 Ill. 257, wherein the same ordinance which was passed upon in the *McFarlane case* was again before this court, it was held that the judgment of confirmation based thereon was void and could not be pleaded as *res judicata* to a subsequent special assessment for the improvement of the same property under a new ordinance, on the ground that the first ordinance did not confer jurisdiction upon the court to render the judgment of confirmation.

In *McFarlane* v. *City of Chicago*, *supra*, and *City of Chicago* v. *Nodeck*, *supra*, we are committed to the doctrine that this improvement ordinance is void. If the ordinance is void, then the county court was without jurisdiction to enter the order eliminating from the original estimate of the cost of the improvement the amount of the cost of paving the portion of the street occupied by said track, and to order the assessment re-cast after said amount had been eliminated, and then to confirm the assessment. A void special assessment ordinance cannot be made valid by an order of court. An ordinance can be amended only by the body which had power to pass it. The power to pass the ordinance rested with the city council, and not with the county court. *Chicago and Northern Pacific Railroad Co.* v. *City of Chicago*, 174 Ill. 439; *Galt* v. *City of Chicago*, 174 id. 605; *City of Paxton* v. *Bogardus*, 201 id. 628.

The judgment of the county court will be reversed and the cause remanded.                    *Reversed and remanded.*