THE CHICAGO UNION TRACTION COMPANY

*v.*

THE CITY OF CHICAGO.

*Opinion filed February 17, 1904—Rehearing denied April 6, 1904.*

. SPECIAL ASSESSMENTS—*when court should refuse to enforce an ordinance.* A paving ordinance which, if enforced as adopted, will impose a double burden of taxation as to street intersections provided for in former ordinances under which the work is proceeding, is oppressive, and the court has no power to hold it inoperative as to such street intersections and enforce it as to the remainder of the improvement. (*Noonan* v. *People*, 183 Ill. 52, distinguished.)

APPEAL from the County Court of Cook county; the Hon. FRANK HARRY, Judge, presiding.

WILLISTON FISH, and LOUIS BOISOT, (JOHN A. ROSE, of counsel,) for appellant.

WILLIAM M. PINDELL, (EDGAR BRONSON TOLMAN, Corporation Counsel, and ROBERT REDFIELD, of counsel,) for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

This appeal brings before us the judgment of the county court of Cook county confirming a special assessment against the property of the appellant company, levied under an ordinance of the city of Chicago for the purpose of paving with asphaltum the roadway of Belden avenue from the westerly line of North Clark street to the east curb line of Perry street, "except the intersection of Cleveland avenue with Belden avenue, and also except steam and street railway rights of way thereon between said points." Lincoln avenue, Larrabee street and Halsted street also intersect Belden avenue between the termini of the improvement of that avenue as fixed by the ordinance. The ordinance was adopted December 17, 1902, and declared that all ordinances and parts of

ordinances inconsistent with its provisions should be and were repealed.

It appeared from the stipulation entered into by the parties that a prior ordinance had been adopted by the city council of said city providing for the paving of Larrabee street July 1, 1901, and an ordinance providing for the paving of Halsted street had been adopted November 18, 1901, and an ordinance providing for the paving of Lincoln avenue had been adopted April 21, 1902, and that each of said ordinances included the paving of the street intersections of each of said streets with Belden avenue.    It also appeared that at the time of the adoption of the ordinance here under consideration, proceedings were pending in the county court for the construction of the improvement of each of said streets, Lincoln avenue, Larrabee street and Halsted street, and that in said proceedings judgments had been entered confirming an assessment against property benefited by the improvements.    It also appeared that notwithstanding the adoption of the ordinance under consideration, for the paving of the entire roadway of Belden avenue between the points named, the city, under the prior ordinances, proceeded with the work of constructing pavements in the street intersections of Belden avenue with the before mentioned three streets, and that at the time of the hearing of this cause the pavement of said street intersections had been completed under the prior ordinances. It was proven that before the adoption of the ordinance here under consideration the contract for the paving of the intersection of Halsted street and said Belden avenue had been entered into under the prior ordinance authorizing the improvement of Halsted street.

The estimate made by the engineer of the board of local improvements fixed the cost of the improvement in Belden avenue at $75,500.    The assessment roll as returned asked assessments in the sum of $72,213.50.    The court ascertained, from the evidence, that the estimated

cost of paving the said three street intersections had been deducted from the estimated cost of the whole improvement as described in the ordinance, and held that the court had power, under the statute, to order the roll re-cast, eliminating the cost of these three street intersections, and that if such power should be exercised the assessment roll would be returned into court for the same amount asked by the roll as returned, and adjudged that the assessment should be confirmed for the amount of the estimate of the engineer, less the estimated cost of the three street intersections.

The ordinance under consideration purported to repeal all ordinances and parts of ordinances inconsistent therewith. The ordinances providing for the improvement of Halsted street, Larrabee street and Lincoln avenue, in so far as said ordinances, respectively, authorized and directed the paving of that part of Belden avenue which intersected each of said streets, were inconsistent with it. But at the time of its adoption the contract for the improvement of so much of Belden avenue as constituted the intersection of that avenue and Halsted street had been entered into under the prior ordinance, and the proviso to section 56 of the act of June 14, 1897, (Hurd's Stat. 1899, p. 374,) inhibited the city council from in any way staying or delaying the collection of the assessments levied under the prior ordinance for the purpose of collecting a fund to discharge the obligation of the contract without the consent of the contractor and bondholder. But so far as we are advised, no reason existed why the city council, in adopting the ordinance under consideration, could not have repealed the prior ordinances providing for the improvement of the intersections of Larrabee street and Lincoln avenue with Belden avenue. The action of the court in excluding from the estimate the cost of paving these street intersections was a holding, in effect, that the prior ordinances were in full force notwithstanding the declaration of their repeal in the

latter ordinance, and that the latter ordinance was ef-
fective only in such parts of Belden avenue as were not
covered by the prior ordinances, and that it was effective
and was to be enforced on all other parts of the avenue
according to its terms.   In this the court fell into error.
·The ruling involved an assumption and an exercise by the
court of authority legislative in character which could
be lawfully exercised only by the city council.   The rul-
ing was an attempt by the court to amend the ordinance
last adopted by the city council.   In *American Hide and
Leather Co.* v. *City of Chicago,* 203 Ill. 451, we said: "An
ordinance can be amended only by the body which had
power to pass it."   We think the court should have held
the later ordinance ·to be unreasonable and oppressive
upon the property holders and for that reason invalid.
If enforced as .adopted it would subject the property ben-
efited by the paving of the intersection of Halsted street
and Belden avenue to a double burden of taxation for
such paving, for the reason a judgment confirming an
assessment against such property for the cost of paving
the intersection had been entered under a former ordi-
nance and a contract had been entered into for the con-
struction of the work under that ordinance which it was
beyond the power of the city council to interfere with,
and it would render nugatory all proceedings had under
the former ordinances looking toward the paving of the
intersections of Lincoln avenue and Larrabee street with
Belden avenue.   In such status of affairs the court should
not have attempted to correct the defects in the exercise
of legislative power by the council, but should have de-
clared the ordinance to be unreasonable and oppressive,
and for that reason refused to have enforced it, and thus
left the city council free to take such action as should
seem to that body to be just and proper in view of the
actual situation of the improvements in the street.

The case of *Noonan* v. *People,* 183 Ill. 52, in nowise sup-
ports the action of the county court.   In that case we

held the later ordinance repealed the prior one, and that its provisions as to the paving of street intersections, to which both ordinances related, should prevail. Here the holding of the county court was that the prior ordinances are superior and should be given effect. In the *Noonan case* there had been no judgment of confirmation under the prior ordinance when the later ordinance was adopted, and we held that as the effect of the later ordinance was to repeal so much of the former ordinance as provided for the paving of the street intersections, in the proceeding for the confirmation of assessments under the prior ordinance the commissioners and the court might proceed upon the theory that that part of the ordinance which provided for the paving of the intersection of the streets, having been repealed by the later ordinance, was ineffective and no longer in force, and that the cost of the intersection should therefore be excluded from the estimate and the judgment confirmed. Nothing there said can by any possibility be regarded as authority for the view that the county court, in the case at bar, might regard the later and repealing ordinance as ineffective, and exclude from the estimate and judgment of confirmation a part of the improvement ordered by such later ordinance to be made because the provisions of such later ordinance were inconsistent with the provisions of prior ordinances which the later ordinance declared should be repealed.

The county court should have denied judgment confirming the assessment, and thus the whole matter would have been remitted to the city council for such action as to that body should seem proper to be taken. If the city council should deem it proper to adopt an ordinance providing for the improvement of Belden avenue by paving the roadway of that street with asphaltum, except at the intersections of Lincoln avenue, Larrabee street and Halsted street, they could lawfully do so, but the county

court was without power to so enforce the ordinance under consideration as to effectuate that end.

The judgment must be and is reversed and the cause will be remanded to the county court of Cook county, with directions to that court to dismiss the petition.

*Reversed and remanded, with directions.*