THE CITY OF CHICAGO, Appellee, *vs.* FRANCES M. WILSHIRE, Appellant.

*Opinion filed December 22, 1909.*

1. SPECIAL ASSESSMENTS—*title of ordinance may be considered in determining the construction of an ordinance.* The title of an ordinance may be considered in determining the construction to be given the ordinance itself.

2. SAME—*all parts of ordinance should be considered.* In order to determine the meaning of an ordinance the whole ordinance must be examined, and one part may be considered for the purpose of explaining another.

3. SAME—*construction upholding validity of ordinance is preferred.* If two constructions of an ordinance are possible, one of which will render it invalid and the other sustain it, courts will adopt the construction which sustains it.

4. SAME—*when ordinance is not misleading as respects street intersections.* If the recommendation, the engineer's estimate, the title of the ordinance and those sections of the ordinance relating to the pavement and the curb and gutter expressly except certain named street intersections from the scope of the improvement, the fact that other sections of the ordinance relating to the proposed improvement fail to except such street intersections does not render the ordinance inconsistent and misleading.

5. SAME—*when objection that alleged stipulation was violated is waived.* An objection that the city, in a special assessment case, violated an alleged stipulation that the question of benefits should be tried on the theory that the land was acre property and not that it was capable of subdivision is waived, where the objector, upon learning that the court did not consider that there was any binding stipulation, cross-examined the city's witnesses fully on the subdivision theory and did not ask permission to recall her own witness to question him upon that theory.

APPEAL from the County Court of Cook county; the Hon. W. L. POND, Judge, presiding.

WILSON, MOORE & MCILVAINE, and WILLIAM B. HALE, for appellant.

GEORGE A. MASON, and WILLIAM T. HAPEMAN, (EDWARD J. BRUNDAGE, Corporation Counsel, of counsel,) for appellee.

Mr. JUSTICE VICKERS delivered the opinion of the court:

This is an appeal from the judgment of confirmation entered by the county court of Cook county confirming a special assessment levied for the purpose of paving South Paulina street from the south-easterly line of Archer avenue to the north line of Thirty-ninth street, and the roadways of all intersecting streets and alleys extending from the curb line to the street line produced on each side of South Paulina street between said points, except the intersections of Thirty-fourth, Thirty-fifth, Thirty-seventh and Thirty-eighth streets with said South Paulina street, in the city of Chicago. The proceedings were commenced under

the Local Improvement act of 1897 and the amendments thereto, and a judgment of confirmation was entered pursuant to that act. Frances M. Wilshire filed objections to the confirmation, all of which being overruled, she has prosecuted an appeal from the judgment of confirmation to this court.

Appellant filed several legal objections in the court below, but the only ground under these objections that is urged for a reversal is that there is an inconsistency in the ordinance, in that it excepts certain street intersections in certain paragraphs and includes these intersections in others. Under her objections the specific matter relied upon by appellant is, that in the petition on file the estimate of the engineer and the first paragraphs of the ordinance provide for the paving of South Paulina street from the south-easterly line of Archer avenue to the north line of Thirty-ninth street, excepting the intersections of Thirty-fourth, Thirty-fifth, Thirty-seventh and Thirty-eighth streets, and that in subsequent paragraphs of the ordinance it provides for the grading and paving of the entire roadway of said South Paulina street and all intersecting streets, without any exception. Thus it is urged that the inconsistency appears in the ordinance itself and in the ordinance as compared with the engineer's estimate and petition, making the description of the improvement, as the appellant claims, so uncertain as to render the assessment invalid.

Evidence was introduced which shows that the intersections of Thirty-fourth and Thirty-fifth streets with South Paulina street were not graded in the manner provided for in the ordinance, and were not in the form of an arc of a circle from the gutter to the crown, as provided for in said ordinance. The recommendation of the board of local improvements and the estimate of the engineer provide for an improvement of the roadway of South Paulina street from the south-easterly line of Archer avenue to the north line of Thirty-ninth street, and also the road-

ways of all intersecting streets except the intersections of Thirty-fourth, Thirty-fifth, Thirty-seventh and Thirty-eighth streets. The ordinance is entitled an ordinance for the improvement of the roadway of South Paulina street between the points mentioned and the roadways of all intersecting streets and alleys as described in the engineer's estimate, and the title contains the same exceptions as to certain intersections that are named above in the recommendation of the board of local improvements and in the engineer's report. Section 1 of the ordinance provides "that the roadway of South Paulina street from the southeasterly line of Archer avenue to the north line of Thirty-ninth street, said roadway being thirty-eight feet in width, and also the roadways of all intersecting streets and alleys extending from the curb line to the street produced on each side of said South Paulina street between said points, except as hereinafter specifically divided, be and the same are ordered improved as follows." In the following sections of the ordinance the intersections of Thirty-fourth, Thirty-fifth, Thirty-seventh and Thirty-eighth streets are not specifically excepted, and the omission to expressly except these intersections in all places where the improvement is referred to is the sole basis for appellant's contention that there is an inconsistency between the recommendation of the board, the engineer's estimate and the ordinance, and that the ordinance is inconsistent with its title.

The intersections are expressly excepted from those sections of the ordinance relating to the pavement and the curbing and guttering. Besides, as already shown, the ordinance, in its title, does not purport to be an ordinance for the paving of the intersections excepted from the title. The title of the ordinance may be considered in determining the construction to be given the ordinance itself. (*People* v. *Fidelity and Casualty Co.* 153 Ill. 25.) The object and purpose of an act are frequently declared in the title. (*Cruse* v. *Aden,* 127 Ill 231.) When the entire ordinance

is considered, we think that it is free from ambiguity, and that no person could, without giving a strained construction to the language, interpret the ordinance as providing for the paving of the intersections of the streets excepted in the title. This court has often held that in order to determine the meaning of an ordinance the whole of it must be examined, and one part may be considered for the purpose of explaining the meaning of another. (*Gage* v. *City of Chicago,* 196 Ill. 512; *Gage* v. *Village of Wilmette,* 230 id. 428.) If the ordinance is susceptible of two constructions, one of which would render it invalid and the other sustain it, the court will adopt that construction which sustains rather than the one which destroys the legislation. (*Berry* v. *City of Chicago,* 192 Ill. 154; *Village of Donovan* v. *Donovan,* 236 id. 636.) The estimate of the engineer, which excludes the intersections of Thirty-fourth, Thirty-fifth, Thirty-seventh and Thirty-eighth streets, shows that that officer understood the ordinance not to include these intersections. We do not see how it would be possible for anyone to be misled as to whether these street intersections were included or excluded from the ordinance.

. Appellant next contends that the court erred in not compelling appellee to conform to the terms of the alleged stipulation made by the parties during the trial in regard to treating the east half of block 35 as acre property in estimating benefits thereto. On the hearing as to benefits appellant introduced a witness who testified that all of appellant's property was more valuable for subdivision purposes than any other. In order to arrive at the full amount which the property would be benefited on this theory, the witness proceeded to testify how the property should be divided and what the benefit to each lot in the subdivision would be. This line of testimony was completed as to block 29 north of Thirty-seventh court without objection When the witness was asked in reference to the subdivision of the east half of block 35 appellee's attorney objected, for

the reason, as stated by him, "You cannot determine benefits by some fanciful subdivision; we have unsubdivided property here; I should think the witness should be asked to testify as to the benefits to be derived from this property as it is now." When this objection was made appellant's attorney stated that he would be perfectly willing to try the case that way, and thereupon the court said, "If you want to try it on that theory I sustain the objection." Appellant's contention is, that thereafter she directed her evidence to the amount of benefits that would accrue to this five-acre tract as acre property, and that appellee, over the objection of appellant, was allowed to introduce evidence as to the benefits that would accrue to this tract for subdivision purposes.

Mr. Brautigan, appellant's witness who was testifying when appellee interposed its objection to an estimate of the benefits for subdivision purposes, had stated, without objection, that in his judgment the east half of block 35 should be subdivided by fronting 125 feet south on Thirty-eighth street, and 125 feet north on Thirty-ninth should front on Thirty-ninth street and the balance on Paulina street. He also stated that in his opinion that was the best way to dispose of the property and the easiest way to sell it, and that the benefits to the property by the proposed improvement would be $75 a lot. This evidence was not objected to by the city. The witness said that he did not know of any use for that property if not subdivided into lots, and that it would be impossible to use it for factory purposes and that it would not sell for homes without subdividing. He also made an estimate of the benefits to the property east of Paulina street in block 29 of $75 for each 25-foot lot. He thought the lots could be sold for that much more after the improvement was in.

The city introduced Mr. Mueller as a witness as to benefits. After he had testified that the property would be about equally valuable for factory purposes and for a sub-

division for homes and having fixed the benefits to the tract at $900 an acre, he was cross-examined by appellant as to the basis of his estimate, and was asked in what manner the property ought to be subdivided and how the lots should front if subdivided, and how much the benefits would be to each lot. In short, appellant went into the question of benefits on the subdivision theory very fully in her cross-examination of this witness. During the examination of this witness the question arose whether the court had held that the parties could not go into the question of benefits on the supposition that this tract would be valuable for subdivision purposes, and the court distinctly informed the parties that he had made no such ruling; that the parties had both violated the understanding that it was to be treated as acre property and that the matter was open to full inquiry on either theory, and it was after this ruling that appellant's counsel cross-examined Mueller in reference to the benefits to the property for subdivision purposes. If appellant was misled at the time her witness was on the stand as to the basis upon which the benefits were to be estimated, she afterwards learned that the court did not regard the alleged stipulation as controlling that line of testimony, and if she had not examined Mr. Brautigan as fully in the first instance as she otherwise would in relation to the property for subdivision purposes, she should have asked permission to recall her witness and examined him further when the ruling in relation to the line of testimony was finally cleared up and settled by the court. We think that the appellant, both by the course of her cross-examination of appellee's witness and by her failure to recall her witness, has waived the objection now under consideration.

There are no other errors insisted upon by appellant. The judgment of the county court of Cook county is affirmed.                              *Judgment affirmed.*