THE CITY OF BENTON, Appellant, *vs.* W. B. BLAKE *et al.*
Appellees.

*Opinion filed April 23, 1914.*

1. SPECIAL ASSESSMENTS—*when an improvement ordinance does
not provide for double pavement of street intersections.* An ordi-
nance providing for grading, curbing and paving certain roadways
and portions of intersecting streets not included in the roadways
will not be construed as providing for the double pavement of
the street intersections, where there is nothing in the ordinance
which directly shows a purpose to pave the street intersections
twice or which prevents the adoption of a contrary interpretation.
(*Chicago Union Traction Co.* v. *City of Chicago,* 208 Ill. 187, dis-
tinguished; *City of Chicago* v. *Wilshire,* 243 id. 123, followed.)

2. ORDINANCES—*that construction will be adopted which sus-
tains rather than the one which invalidates legislation.* Where an
ordinance is susceptible of two constructions, one of which will
render it invalid and the other sustain it, the court will adopt that
construction which sustains rather than the one which destroys the
legislation.

APPEAL from the County Court of Franklin county;
the Hon. KENNETH C. RONALDS, Judge, presiding.

E. J. ODUM, City Attorney, (A. H. BAER, of counsel,)
for appellant.

W. F. DILLON, for appellees.

Mr. JUSTICE CRAIG delivered the opinion of the court:

This is an appeal from a judgment of the county court
of Franklin county sustaining an objection by appellees to
the confirmation of a special assessment for paving parts
of certain streets in the city of Benton.

The first section of the ordinance which provided for
the pavement is as follows: "The roadways of Maple street
from the north line of West Main street to the north line
of Fifth street; Electric street from the west line of North

Main street to the west line of Maple street; Third street from the west line of North Main street to the west line of Maple street; Fifth street from the west line of North Main street to the east line of Maple street; the unnamed alley leading north from the north-west corner of the public square from the present paving at the public square to the south line of Electric street, and the unnamed alley leading west from the north-west corner of the public square from the present paving at the public square to the east line of Maple street; and all the roadways of those portions of the intersecting streets and alleys lying within said portions of said streets *and not included in the roadways thereof,* to be improved by grading, curbing, paving and the construction of sewers and drains, as follows: The width of the roadways herein provided to be paved, measured from face to face of the curb, shall be as follows: Maple street for the distance and between the points aforesaid, twenty-four feet; Electric street from the west line of North Main street to the west line of Maple street, twenty-four feet; Fifth street from the west line of North Main street to the east line of Maple street, twenty feet; Third street from the west line of North Main street to the west line of Maple street, twenty-four feet; the said two unnamed alleys for the distance and between the points aforesaid, fifteen feet."

Maple street runs north and south and Main street is one block east of Maple street. It is contended by appellees that the ordinance is invalid for the reason that it provides for a double pavement, and consequently double taxation, by paving the intersections of Maple street, Electric street, Third street and Fifth street twice. Appellees filed numerous objections to the confirmation of the assessment, all of which were overruled except the thirty-second, which is: "The ordinance providing for the proposed improvement is unreasonable and oppressive and provides for a double taxation of the property of objectors, and is contrary to law and void."

It would seem at first glance that the ordinance does provide for paving Maple street and the intersections of Third, Fifth and Electric streets twice, as contended by appellees. Said section 1 of the ordinance, however, set out above, after naming the roadways of Maple street and the other streets and alleys, contains this language: *"And all the roadways of those portions of the intersecting streets and alleys lying within said portions of said streets and not included in the roadways thereof."* It is a familiar rule of construction that in interpreting the language used in an ordinance the ordinance as a whole must be considered. (*McChesney* v. *City of Chicago,* 173 Ill. 75.) If there exists a doubt as to the construction of the ordinance, that doubt should be resolved in accordance with the manifest intention of such ordinance. (*City of Chicago* v. *Wilshire,* 243 Ill. 123, and cases therein cited.) If the ordinance in question is susceptible of two constructions, one of which will defeat and the other will support the ordinance, that construction which supports the ordinance should be adopted. *Northwestern University* v. *Village of Wilmette,* 230 Ill. 80; *Berry* v. *City of Chicago,* 192 id. 154.

In the case of *Chicago Union Traction Co.* v. *City of Chicago,* 208 Ill. 187, the ordinance provided for paving the roadway of Belden avenue between certain points named, except the intersection of Cleveland avenue with said Belden avenue. Lincoln avenue, Larrabee and Halsted streets also intersected Belden avenue between the termini fixed by the ordinance but they were not excepted by said ordinance. Before the adoption of the Belden avenue ordinance, ordinances were passed for the pavement of Lincoln avenue, Larrabee street and Halsted street, including their intersections with Belden avenue, and judgments had been entered confirming the assessments. At the time of the application for confirmation of the assessment for the improvement of Belden avenue all three street intersections had been paved under the prior ordinances, and we held that the Belden

avenue ordinance was unreasonable, oppressive and invalid, for the reason that it required the paving of the same intersections that had already been paved under the other ordinances.

If the ordinance in the case at bar is construed as providing for a double pavement of the street intersections in question,—that is, Electric street, Third street and Fifth street,—then the ordinance is invalid. We do not think, however, that the entire ordinance will bear this construction on a careful reading. When the whole ordinance is considered together, manifestly the purpose and intent of the ordinance are to pave Maple street, Electric street, Third street and Fifth street and certain alleys. There is nothing in the ordinance which directly supports the contention that its purpose is to pave the said street intersections twice, and it would be unreasonable to so construe the ordinance by giving the usual meaning to the words we have printed in italics. By this part of the ordinance it would be understood that the roadway of Maple street should be paved and the portions of Electric street, Third street and Fifth street (which were all streets intersecting with Maple street) should be paved where they intersected Maple street, but that the portions of such intersections included in the roadway of Maple street should not be paved again.

In the *Chicago Union Traction Co. case, supra,* we held the ordinance invalid because by its terms it expressly provided that pavements already provided for at certain intersections were to be done over again, and that therefore the ordinance was oppressive and unreasonable. In this case, when the whole of section 1 is considered, it will be seen that the intent of the ordinance is only to pave those portions of all streets which intersect and lie within the limits of Maple street and *not included in the roadways thereof.* In the case of *City of Chicago* v. *Wilshire, supra,* we held that if the recommendation, the engineer's estimate, the title of the ordinance and those sections of the ordi-

nance relating to the pavement and the curb and gutter expressly excepted certain named street intersections from the scope of the improvement, the fact that other sections of the ordinance relating to the proposed improvement failed to except such street intersections did not render the ordinance inconsistent and misleading. In that case legal objections were filed to the confirmation of the assessment to the effect that there was an inconsistency in the ordinance, in that it excepted certain street intersections in certain paragraphs and included those intersections in others. In that case the petition on file, the estimate of the engineer and the first paragraph of the ordinance provided for the paving of South Paulina street from the south-easterly line of Archer avenue to the north line of Thirty-ninth street, excepting the intersections of Thirty-fourth, Thirty-fifth, Thirty-seventh and Thirty-eighth streets, and that in subsequent paragraphs of the ordinance it provided for the grading and paving of the entire roadway of South Paulina street and all intersecting streets, without any exception. We held in that case, following the rule laid down in *Berry v. City of Chicago, supra,* that if the ordinance is susceptible of two constructions, one of which will render it invalid and the other sustain it, the court will adopt that construction which sustains rather than the one which destroys the legislation. The ordinance in the case at bar is similar to that in the *Wilshire case.* While the ordinance in question was not perfectly drawn, we do not believe that under a careful reading it would be given the construction contended for by appellees.

For the reasons given, the judgment of the county court will be reversed and the case remanded to that court, with directions to overrule the objection in question.

*Reversed and remanded.*