CHARLES A. SAWYER et al.

v.

THE CITY OF CHICAGO.

| 183 | 57 |
| 202 | ⁴272 |
| 183 | 82 |
| 104a | 157 |
| 104a | ²159 |

*Opinion filed December 18,, 1899.*

1. SPECIAL ASSESSMENTS—*when ordinance not substantially defective in description.* A paving ordinance is not substantially defective in its description because, in providing for the proportions of cement, sand and limestone composing the concrete, the word "measure" is used with respect to cement and "parts" to sand and limestone.

2. SAME—*ordinance construed as not misleading in specifying for filling spaces between bricks.* A paving ordinance providing that the spaces between the bricks shall be filled with a coal tar residuum paving cement, "delivered on the work" at a specified temperature, is properly construed as meaning that the filling shall be put upon the pavement at that temperature, and not merely so delivered.

3. SAME—*estimate properly includes everything necessarily part of the improvement.* The cost of necessary filling and the adjustment of sewers, catch-basins and man-holes is properly included in the estimate under an ordinance for grading and paving a street.

4. SAME—*when objection based on obligation of street railway to pave tracks should be sustained.* On application to confirm a paving assessment, an objection, based on an ordinance and its acceptance, requiring a street railway company to pave at its own cost that part of the street occupied by its tracks, should be sustained, where the whole cost of the pavement is assessed to private owners and there is nothing to show that the company has abrogated its agreement or been released from its obligation.

5. SAME—*what does not show abrogation of street railway's agreement to pave.* That a street railway company has taken up its tracks to permit the laying of a sewer, and has not re-laid them at the time of application to confirm an assessment for paving the street, does not show an abandonment of its rights by the company, so as to warrant the court in overruling an objection based on the company's agreement to pave, at its own cost, the part of the street occupied by its tracks.

APPEAL from the County Court of Cook county; the Hon. R. W. S. WHEATLEY, Judge, presiding.

ROBERT E. PENDARVIS, for appellants.

CHARLES M. WALKER, Corporation Counsel, and ARMAND F. TEEFY, for appellee.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

Appellee filed its petition for the levy of a special assessment to pay the cost of a local improvement, consisting of curbing, grading and paving with brick Kensington avenue from the east line of Michigan avenue to the west line of the right of way of the Illinois Central Railroad Company, and Front street from the south line of Kensington avenue to the north line of One Hundred and Sixteenth street. An assessment roll having been returned into court, appellants interposed objections to the confirmation of the assessment, but their objections were overruled and the assessment confirmed.

Among the objections was one that the ordinance does not specify the nature, character, locality and description of the proposed improvement. The supposed defects we do not regard as substantial. They are as follows: A part of the curb is to be of wood, consisting of sound split-cedar posts four feet long, set in the ground so that the top will coincide with the grade of the street, with common three-inch pine plank, fourteen inches wide, spiked to the face so that the top edge shall be at said grade. A plank fourteen inches wide would comply with the description, and the height of the curb is obtainable from the ordinance. (*Claflin* v. *City of Chicago*, 178 Ill. 549.) In providing for the several portions of cement, sand and limestone of which the cement concrete shall be made, the word "measure" is used as to the cement and the word "parts" as to the sand and limestone, but they are used in the same sense, as indicating proportionate parts, by measure, of the various ingredients. After the bricks are laid the spaces between them are to be filled with coal-tar residuum paving cement, delivered on the work at a temperature of three hundred degrees Fahrenheit, and it is claimed that this may mean that the material shall be brought to the place at the specified temperature but may be put on the pavement after it is cooled.

The only sensible meaning is that the material shall be put on the pavement at the specified temperature. The court did not err in overruling the objection to the description of the improvement.

The estimate includes an item for filling in the street and for adjustment of sewers, catch-basins and man-holes, and it is claimed the estimate is illegal because the ordinance does not provide for filling or adjustment of sewers. It is proper to include in the estimate everything which is a necessary part of the improvement. (*Delamater* v. *City of Chicago*, 158 Ill. 575.) The ordinance provides for grading the streets, and necessary filling was properly included, and the adjustment of sewers, catch-basins and man-holes is a necessary part of such an improvement. *Gage* v. *City of Chicago*, 162 Ill. 313.

On the hearing of the objections appellants offered in evidence ordinances of the city of Chicago passed in 1892 and 1893, granting to the Calumet Electric Street Railway Company the right to construct and operate a railroad with one or two tracks, to be operated by electricity, in Kensington avenue, for a term of twenty years. Each ordinance requires the street railway company to keep sixteen feet in width of the avenue in good repair and condition at its own cost and expense during all the time for which the privilege is granted, and provides that when a new improvement of any character shall be ordered by the city council the company shall make such improvement for the width of sixteen feet at its own cost and expense, and in case of neglect or failure to make such repairs and improvements the city may make the same at the cost and expense of the company. The Calumet Electric Street Railway Company filed its acceptances in writing of said ordinances and its bonds, which acceptances and bonds remain on file in the office of the city clerk. The street railway company constructed its tracks in Kensington avenue as authorized by said ordinance and operated cars thereon for several years, until

about a year before the hearing in this case, when a sewer was built in Kensington avenue, at which time the tracks were taken up. The tracks had not been re-laid at the time of the hearing, and there were then no street railway tracks in the avenue. In the assessment roll the entire cost of the improvement, including the sixteen feet which the street railway company agreed to pave when required, was assessed against the lots and tracts of land. That agreement was made upon a good consideration, and if it had not been abrogated or the railroad company released from its obligations, the cost of the improvement of the sixteen feet should not have been included in the estimate or levied upon the property of individuals. (*City of Chicago* v. *Cummings*, 144 Ill. 446.) This is not denied, but the alleged ground for not requiring the railway company to comply with its contract is, that the facts above recited show that it had abandoned its franchise and ceased to have any right of way in the avenue. We can not concur in that view. The fact that the tracks were taken up when the sewer was built and had not been re-laid is not sufficient to show either a forfeiture of the franchise or a release from the obligation. For aught that appears the street railway company has all the rights in the avenue that it ever had and may re-lay its tracks at any time. It is not a question of there being tracks in the street to assess, but it became a matter of contract between the company and the city that the company would make such improvements as might be ordered. It would be a manifest wrong to the property owners to compel them to pay for this improvement, and after its completion have the street railway company re-lay its tracks and take the benefits, and under the facts in the record it might do so. The court was in error in overruling the objection.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*