THE CITY OF CHICAGO

*v.*

THE NEWBERRY LIBRARY *et al.*

*Opinion filed December 22, 1906.*

1. SPECIAL ASSESSMENTS—*when ordinance for paving street is void.* An ordinance for paving a street by special assessment upon property benefited is void where the city has previously entered into a valid and binding contract with certain railroad companies, which is in full force, to pave the entire roadway of a portion of the street, although with different material.

2. SAME—*confirmation judgment may be vacated for fraud at subsequent term.* The intentional act of a city in assessing property owners for the paving of a street which a railway company is legally bound to pave is a fraud upon the property owners, even to the extent of justifying the court in vacating a judgment confirming such an assessment, at a subsequent term.

APPEAL from the County Court of Cook county; the Hon. W. L. POND, Judge, presiding.

CHARLES H. MITCHELL, and FRANK JOHNSTON, Jr., (JAMES HAMILTON LEWIS, Corporation Counsel, of counsel,) for appellant.

EUGENE H. GARNETT, (GWYNN GARNETT, of counsel,) for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

On February 3, 1902, the city council of the city of Chicago passed an ordinance requiring the Chicago Junction Railway Company and the Grand Trunk Western Railway Company to elevate their tracks across Halsted street at Forty-ninth street, in said city, to construct a sub-way under the tracks in Halsted street, with approaches thereto, and to pave the approaches to the sub-way with vitrified brick, at their own expense. All of the work, including

the paving of the approaches, was to be completed on or before December 31, 1906, and the approaches were to extend eighty-one feet in Halsted street on each side of the right of way of the railway companies. The ordinance was accepted by the railway companies, and they became bound to construct the sub-way in Halsted street under their tracks and to pave the approaches thereto at their own expense. On March 19, 1906, the city council passed an ordinance for grading and curbing the roadway of Halsted street from the south line of West Forty-seventh street to the north line of west Forty-ninth place and paving the same with granite blocks on two inches of sand and six inches of concrete. Forty-ninth street lies between Forty-seventh street and Forty-ninth place, and the second ordinance covers a portion of the street to be paved by the railway companies. A petition was filed in the county court of Cook county for the confirmation of a special assessment levied to defray the cost of the improvement provided for by the second ordinance, and appellees filed objections, one of which was that the railway companies had become bound to pave the approaches to the sub-way and that they were about to do so. The objections were heard on June 6, 1906, and it was proved that there was an old, rotten, wooden pavement where the approaches were to be constructed, which was in very bad condition; that the tracks of the Grand Trunk company were being elevated; that the work had progressed within eight hundred feet of Halsted street; that it was expected to drive piles across Halsted street in the prosecution of the work that week; that the Chicago Junction company had not commenced the elevation of its tracks, and that the contract created by the ordinance, and its acceptance, was in full force as to both companies. The court sustained the objections and dismissed the petition, and the city appealed.

The ordinance provided for a special assessment to pay the cost of paving a part of Halsted street, including the

approaches, which the railway companies had become bound to pave with vitrified brick at their own expense on or before December 31, 1906. The city had power to provide for the paving of the street by special assessment or otherwise, but when it had entered into a valid and binding contract with the railway companies by which they were to do the paving it had exhausted its power as to the particular improvement provided for by the contract. While the contract remained in force the city could not provide for making the same improvement, although with different material, at the expense of the property owners, and the ordinance by which it attempted to do so was void. (*American Hide and Leather Co.* v. *City of Chicago,* 203 Ill. 451.) Judgments confirming special assessments levied under similar circumstances were reversed in the cases of *Sawyer* v. *City of Chicago,* 183 Ill. 57, and *McFarlane* v. *City of Chicago,* 185 id. 242, and it was held in the case of *City of Chicago* v. *Nodeck,* 202 Ill. 257, that the intentional act of the city in assessing property owners for the paving of the street which the railroad company was legally bound to pave was a fraud against the property owners which would justify the court in vacating a judgment at a subsequent term.

Counsel for the city urge that it would be against the public interest to leave the approaches unpaved pending the fulfillment of the contract by the railroad companies, and that the city council, in passing the first ordinance, could not have intended to do so. The question whether the city intended to keep that part of the street in suitable condition for public travel up to the time that the railway companies should fulfill their contract, or whether the city could do so by special assessment, is not involved in this case. The attempt of the city was to compel property owners to pave the street and to relieve the railway companies from the burden which they had assumed.

The judgment is affirmed.          *Judgment affirmed.*