VILLAGE OF MADISON, Appellee, *vs.* THE ALTON, GRANITE
AND ST. LOUIS TRACTION COMPANY, Appellant.

*Opinion filed June 18, 1908—Rehearing denied October 7, 1908.*

1. MUNICIPAL CORPORATIONS—*ordinance granting use of streets
becomes a contract when accepted and acted upon.* An ordinance
granting the use of public streets for street railway purposes be-
comes a contract when accepted and acted upon by the street rail-
way company in a substantial manner, and it is not subject to rev-
ocation by the city while its terms and conditions are complied with
by the company.

2. SAME—*extent to which section 8 of Street Railroads act af-
fects city's power.* Section 8 of the Street Railroads act, providing
that every grant of the use of a street shall be subject to the right
of the proper authorities to control the use, improvement and re-
pair of the street, precludes a city from granting the exclusive use
of streets or from depriving it of the power to control their im-
provement, but it does not preclude the city from being bound by
the terms of a valid ordinance granting street railway privileges
upon terms which the city has lawful authority to make.

3. SAME—*ordinance fixing kind of pavement which street rail-
way company shall build is binding.* In granting street railway
privileges a city may provide that the company shall pave the por-
tion of the street occupied by the tracks with any kind of material
the city may elect to use. in paving the remaining portion, but if
the ordinance specifies that the pavement shall be of a certain kind
the provision is binding, and the company cannot be specially as-
sessed to pay for a different kind of pavement.

APPEAL from the County Court of Madison county;
the Hon. JOHN E. HILLSKOTTER, Judge, presiding.

This is an appeal from a judgment of the county court
of Madison county confirming an assessment roll for the
paving of Madison avenue, in the village of Madison, by
special assessment. The proceeding is under the Local Im-
provement act, and was begun by the board of trustees of
appellee, the village of Madison, passing an ordinance on
the 25th day of November, 1907, providing for the paving,
with brick, of Madison avenue over its entire width, from

the southerly limits of the village to the northerly line of Fourteenth street. The cost of the improvement was to be $68,749, besides attorney's fees, court costs, etc., amounting to $4124. Appellant, the Alton, Granite and St. Louis Traction Company, is a street railway company and maintains and operates a double track on the street proposed to be paved. The special assessment ordinance required appellant to pay the cost of paving that portion of the street between its tracks and rails and one foot on each side of the track outside the rails with brick. The ordinance granting appellant the right to occupy the streets with its tracks required said part of the street to be paved by appellant with macadam. By the assessment roll an assessment of $24,000 was extended against appellant, to which it filed objections. The first and second objections challenge the correctness of the estimate of costs and the validity of ordinance No 158, because the ordinance provides for the paving, with brick, of that part of the street occupied by appellant's tracks, and the third, because it violates the provisions of the constitution of the United States which prohibit impairing the obligation of contracts. The objections are based upon the provisions of an ordinance known as ordinance No. 121, which was passed by the appellee on the 21st day of August, 1905, and accepted by appellant the same day. Said ordinance, after granting appellant the right to construct, maintain and operate a double track street railway upon certain streets in said village, among which was the one here sought to be paved, provided as follows:

"Sec. 6. Whenever any of the streets or parts of streets contemplated to be occupied by said railway herein authorized, shall be ordered to be paved by the village board of said village, said Alton, Granite and St. Louis Traction Company, its successors and assigns, shall at the same time, if they have not already done so, pave with macadam such parts of said streets as shall be occupied by its tracks and for a space of twelve (12) inches outside of its rails and

between double tracks. All such paving so to be done by said traction company, its successors and assigns, is thereafter to be kept in repair at the cost and expense of said traction company, its successors and assigns."

Section 8 provided that "the rights herein granted on all the streets herein named shall be in full force and effect for a period of twenty (20) years from the date of the passage and approval of this ordinance." Section 10 provided: "Within thirty days after the passage and approval of this ordinance, said Alton, Granite and St. Louis Traction Company, its successors and assigns, shall file with the village clerk of the village of Madison its written acceptance of this ordinance, and upon filing such acceptance, it, with this ordinance, shall constitute a binding contract between said Alton, Granite and St. Louis Traction Company, its successors and assigns, and the village of Madison."

Appellant contends that ordinance No. 121 constitutes a valid and binding agreement between appellant and appellee for the paving with macadam, at appellant's cost, of that part of Madison avenue occupied by its tracks, and one foot outside, at the time the balance of the street is paved by appellee; that it cannot be required to pave the same with brick, and therefore ordinance No. 158 is void; while appellee contends that the above provisions of ordinance No. 121 are invalid, being in violation of section 4 of the Street Railway act and a fraud upon the rights of the public and abutting property owners. The court overruled the objections filed and entered an order confirming the assessment roll, from which appellant prosecutes this appeal.

SCHAEFER, FARMER & KRUGER, for appellant.

WARNOCK, WILLIAMSON & BURROUGHS, for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

The decision of this case depends entirely upon the construction of and effect to be given to section 6, above quoted, of the ordinance granting appellant the right to lay and construct its tracks and operate a street railway upon the street in question. If that section of said ordinance is to be held valid and binding between the parties as to the character of the pavement and the village of Madison can only require appellant to pave that portion of the street with what the ordinance requires it to be paved, then the special assessment ordinance is void and the judgment of confirmation is erroneous.

We have held that when the privilege of the use of a public street of a municipality is granted by an ordinance and the ordinance accepted and acted upon by the grantee of the privilege in some substantial manner, it becomes a valid and binding contract and is not subject to revocation by the municipality. (*Chicago Municipal Gas Light Co.* v. *Town of Lake,* 130 Ill. 42; *City of Belleville* v. *Citizens' Horse Railway Co.* 152 id. 171.) It cannot be disputed that the village of Madison had the power, when it adopted the ordinance granting appellant the right to occupy a portion of its streets in the operation of a street railway system, to require it to pave its right of way, or the part of the street occupied by it, at such time and with such material as the village authorities required; but it is contended by appellee that the designation in the ordinance of the particular material with which appellant should pave the portion of the street the ordinance required it to pave, is not binding upon appellee, and that it may disregard such provisions of the ordinance and require appellant to pave with some other and different material. This contention is based principally upon the provisions of section 4 of the Street Railroads act. (Hurd's Stat. 1905, chap. 131*a*, p. 1980.) This section was originally enacted in 1874 as a part of the Horse and Dummy Railroad act. That act

was repealed in 1899 and section 4 re-enacted as a part of the Street Railroads act. It reads as follows: "Every grant to any such company of a right to use any street, alley, road, highway or public ground shall be subject to the right of the proper authorities to control the use, improvement and repair of such street, alley, road, highway or public ground, to the same extent as if no such grant had been made, and to make all necessary police regulations concerning the management and operation of such railroad, whether such right is reserved in the grant or not."

Undoubtedly, municipal authorities have no power to make a grant of the use of their streets to a street railway company which is contrary to or inconsistent with a provision of the statute, but we do not understand this statute to mean that when a city has made a valid grant and imposed terms upon the grantee within the exercise of the lawful powers of the municipal authorities as a condition of the grant, it is not bound by such terms and provisions after they have been accepted and acted upon by the grantee. Cities and villages hold their streets in trust for the public use and benefit, and it is their duty to control and improve them for such uses. They cannot grant their exclusive use to private individuals or corporations, nor can they make any contract or grant that would relieve or preclude them from the performance of their duty to control and improve the streets for the public use. The requirement of the ordinance in question that the appellant should pave the street, within certain limits, with macadam, was an exercise of the power of the village of Madison to control and improve the street. It might have designated some other material than macadam for the pavement. It is the province of the municipal authorities to determine whether, and when, they will pave their streets and the material with which the pavement shall be constructed. Presumably the authorities of the village of Madison contemplated the paving of the street in question with macadam when the ordinance was adopted.

They had the power to require appellant to pave the portion of the street designated, and this power included the right to prescribe the material with which the pavement should be made, or they might have provided in the ordinance that the pavement should be made at the time, in the manner and with such material as the village authorities should designate. It was a matter about which the parties had authority to contract, and if in making the contract the village authorities acted within the limitation of their lawful powers it must be held valid and binding, even though they afterwards concluded it was improvidently made. The fact that they afterwards became dissatisfied with it cannot affect its validity.

The principles analogous to those involved in this case were decided by this court in *West Chicago Street Railroad Co.* v. *City of Chicago,* 178 Ill. 339. In that case the city sought to collect from the street railroad company, by special assessment, a part of the cost of paving a street extending from the street line to the line of the right of way of the street railway. The ordinance or grant under which the street railroad company was operating, required it to fill, grade, pave and keep in repair eight feet in width of the street where it used a single track and sixteen feet where a double track was used. The contention of the street railroad company was that this exempted it from liability for assessment for the improvement of any other portion of the street, and this contention was sustained. The court said (p. 345): "The language [of the ordinance] can only be construed as fixing and specifying the duties of the railway company in regard or with respect to all such improvements, and it means that when the company constructs its railway through a street or a part of it, it shall fill, grade, pave and keep in repair the width specified. This court has continued to recognize the power of the city to make such terms and conditions respecting the improvement of the streets, and in *Kuehner* v. *City of Freeport,*

143 Ill. 92, it was said that whether a railway should pay for paving between its tracks, as is sometimes done, or less or more, rests in the discretion of the municipal authorities. The same authority to pass such an ordinance and make such terms has continued to exist, and the city is authorized to grant the right to construct and operate street railways upon such terms and conditions, not inconsistent with the provisions of the statute, as it may deem for the best interest of the public. It can make its own terms in granting such privileges." Section 4 of the statute above mentioned was at the time that case was decided section 4 of the Horse and Dummy Railroad act. It was referred to in the opinion of the court, and was held not to affect the rights of the parties. Speaking of the statute the court said: "Appellant is not contending for any right which would prevent the city authorities from controlling such use, improvement or repair, or making any necessary police regulation concerning the management and operation of the railroad."

In *City of Chicago* v. *Newberry Library Co.* 224 Ill. 330, two railway companies accepted the provisions of an ordinance requiring them to elevate their tracks across Halsted street at Forty-ninth street and to construct a sub-way under the tracks, with approaches thereto, and pave the approaches with vitrified brick at their own expense. Subsequently, and before the work was done by the railway companies, the city passed an ordinance requiring a portion of the street the former ordinance had required to be paved with brick by the railway companies to be paved with granite blocks, and filed a petition for the confirmation of a special assessment against contiguous property to pay for a portion of the cost. Objections by property owners were filed to the confirmation on the ground that the railway companies had become bound to pave the approaches to the sub-way. The court said (p. 332): "The city had power to provide for the paving of the street by special assessment or otherwise, but when it had entered into a valid and bind-

ing contract with the railway companies by which they were to do the paving it had exhausted its power as to the particular improvement provided for by the contract. While the contract remained in force the city could not provide for making the same improvement, although with different material, at the expense of the property owners, and the ordinance by which it attempted to do so was void."

In *Chicago and Northern Pacific Railroad Co.* v. *City of Chicago,* 172 Ill. 66, it was objected that if the improvement was made in accordance with the ordinance a space sixteen feet wide in the middle of the street would be left unimproved. This space was required to be improved by the West Chicago Street Railway Company by the ordinance granting it the right to operate its railroad in the street proposed to be improved, and the court held that as provision was made by the ordinance for the improvement of that part of the street by the street railway company, that portion of the street was properly excepted from the provisions of the ordinance for the improvement of the rest of the street.

Other cases might be cited where the provisions of ordinances requiring railroad companies occupying streets to pave and keep in repair certain portions of the streets have been sustained, and we have been referred to no case where they have been held invalid or not binding on the city and the railway company.

*City of Chicago* v. *Sheldon,* 9 Wall. 50, cited and commented upon in *West Chicago Street Railroad Co.* v. *City of Chicago, supra,* sustains the conclusion we have reached in this case. So, also, does *Shamokin Borough* v. *Shamokin Street Railway Co.* 178 Pa. 128. In that case the ordinance required the street railway company, at its own expense, to maintain and keep in good repair four and one-half feet in width on either side of the center of its track, or a roadbed of nine feet in width, upon all the streets where its tracks were laid. The ordinance provided that in maintain-

235 — 23

ing and keeping in repair said nine feet in width the rail-
way company should use the same kind of material used
by the borough authorities or such other material as was
approved by said authorities, and upon giving the railway
company fifteen days' notice of the intention of the authori-
ties to repair or macadamize any of the streets over which
said railway passed, the company was required to macad-
amize or repair said nine feet, and upon its failing to do
so the authorities might do the work and recover the cost,
with a penalty of twenty per cent added. The authorities
decided to repair and pave the street with asphaltum, and
gave notice to the street railway company to repair and
pave its portion with that material. The company disre-
garded the notice, and the authorities did the work and
brought suit to recover the cost thereof. The street rail-
way company defended its action in refusing to do the
work with asphaltum or pay for it when done by the au-
thorities with that material, on the ground that it was not
bound by the ordinance to pave with asphaltum; that the
authorities having adopted a different pavement from that
provided for in the contract, the street railway company
could not be held liable for the cost of making this pave-
ment. In passing upon this question the court said: "If
a macadam pavement had been adopted the railway com-
pany would have been bound to join in putting it down
or to pay the cost to the borough, with a penalty of twenty
per cent added. But the borough substituted another kind
of pavement which defendant had not contracted to be liable
for. In so far it exceeded its authority under the contract,
and to the extent of this excess it cannot relieve the bor-
ough treasury by calling on the defendant under the terms
of the ordinance."

In our opinion the provision of the ordinance in ques-
tion requiring appellant to pave with macadam the portion
of the street required to be paved by it is valid and bind-
ing and the city has no authority to now require it to pave

said portion with brick, and the ordinance is therefore void. *American Hide and Leather Co.* v. *City of Chicago,* 203 Ill. 451.

The judgment of the county court is reversed and the cause remanded.                    *Reversed and remanded.*