THE CITY OF CHICAGO, Appellant, *vs.* JULIA S. SMALE *et al.* Appellees.

*Opinion filed February 25, 1911.*

1. SPECIAL ASSESSMENTS—*rebate, if any, is to be divided in accordance with judgment of confirmation.* The Local Improvement act requires the question of benefits and *pro rata* cost between the various pieces of property to be settled in the confirmation proceedings, and if there is any rebate it must be divided in accordance with the judgment of confirmation.

2. SAME—*judgment vacating confirmation judgment after term must show that jurisdiction was acquired.* The jurisdiction of the county court over a judgment of confirmation ends with the term at which the judgment was entered, and if jurisdiction is subsequently acquired to modify or vacate the judgment, it is essential to the validity of any order that such jurisdiction be shown by the record.

3. SAME—*when rebate must be divided according to original judgment of confirmation.* Where a judgment of confirmation is vacated at a subsequent term and a new judgment entered with-

out showing that jurisdiction to vacate the original judgment was acquired, the order vacating the judgment is void on its face and any rebate of the assessment must be divided according to the original judgment.

APPEAL from the County Court of Cook county; the Hon. WILLIAM L. POND, Judge, presiding.

GEORGE A. MASON, and WILLIAM T. HAPEMAN, (EDWARD J. BRUNDAGE, Corporation Counsel, of counsel,) for appellant.

JUDAH, WILLARD, WOLF & REICHMANN, ALVIN W. WISE, JOSEPH H. FITCH, IRA J. GEER, WILSON, MOORE & McILVAINE, HOLLETT, SAUTER & HENKEL, and W. H. SAFFORD, for appellees.

Mr. JUSTICE DUNN delivered the opinion of the court:

The city of Chicago filed in the county court its petition for a special assessment to pave a portion of Forty-ninth street. After hearing objections the court found that a part of the property involved was assessed more than its proportionate share of the estimated cost and reduced the assessment of such property in various amounts, averaging nineteen per cent. Thereupon, at the April term, 1909, a judgment of confirmation of the entire assessment roll as modified, amounting to $61,187.65, was entered. On May 28, 1909, at a subsequent term, upon motion of the city, an order was entered which purported to vacate and set aside this judgment of confirmation, to reduce nineteen per cent the assessment against all property which had not theretofore been reduced, and to render a new judgment of confirmation of the entire assessment roll so modified, amounting to $54,667.55. The pavement having been completed, the board of local improvements filed their certificate, under section 84 of the Local Improvement act, showing

the cost of the improvement, together with the estimated amount required for the payment of interest on vouchers, to be $41,872.65, the amount assessed for the improvement to be $54,667.55 and the excess of the assessment to be $12,794.90, together with a reduced assessment roll showing the distribution of such excess upon the basis of an assessment in accordance with the order of May 28, 1909. In the meantime the property owners whose assessments had been reduced upon their objections had made a motion to vacate the order of May 28, 1909, setting aside the original judgment of confirmation and reducing the other assessments, which motion had not been heard. They also filed objections to the approval of the certificate of the board of local improvements and of the distribution of the excess. The motion to vacate and the objections to the certificate were heard together, were both sustained, the board of local improvements was ordered to file a new certificate and to distribute the excess of the assessment over the cost in accordance with the original judgment of confirmation, and the city appealed, insisting that the court erred in vacating the order of May 28, 1909, and in sustaining objections to the final certificate.

We held in *City of Peoria* v. *Smith,* 232 Ill. 561, that the Local Improvement act requires the question of benefits and *pro rata* cost between the various pieces of property to be settled in the confirmation proceedings, and the rebate, if any, to be divided *pro rata* in accordance with the judgment of confirmation. The vacation of the order of May 28, 1909, is immaterial, for it was void on its face. The jurisdiction of the county court in special assessment proceedings is statutory, and no valid order can be made unless jurisdiction for that purpose is shown by the record. The jurisdiction of the county court over this special assessment proceeding expired with the April term, 1909, and the rights of all the parties were then fixed. If jurisdiction was subsequently acquired to modify the judgment of confirmation

entered at that term, it was essential to the validity of any order made that such jurisdiction should be shown by the record. Nothing of the kind appears. The record shows simply that upon the motion of the petitioner the original judgment was set aside and a new and different judgment entered. Such order was void. It had no effect upon the judgment of the previous term, but might properly be disregarded by any person at any time. The rebate must be apportioned in accordance with the judgment of confirmation, without regard to the order of May 28, 1909.

The judgment is affirmed.            *Judgment affirmed.*