THE CITY OF LINCOLN, Appellee, *vs.* D. H. HARTS *et al.*
Appellants.

*Opinion filed April 19, 1911—Rehearing denied June 8, 1911.*

1. SPECIAL ASSESSMENTS—*extent to which the court's order approving certificate of completion is conclusive.* The order of the county court, under section 84 of the Local Improvement act, approving the certificate made by the board of local improvements concerning the completion and acceptance of the work, is conclusive only as to the fact that the improvement is constructed in substantial compliance with the ordinance.

2. SAME—*void ordinance is subject to direct or collateral attack.* If the ordinance providing for a special assessment is void the court is without jurisdiction to confirm the assessment, and all proceedings based upon the ordinance are void and open to direct or collateral attack.

3. SAME—*ordinance cannot rightfully include the cost of paving street railroad right of way.* While a contract between a city and a street railway company providing that the company shall pave the portion of the street occupied by its tracks is in force the city has no power to provide, by ordinance, for the paving of such strip by special assessment, whether the cost is assessed against the property owners or is embraced in a separate item as public benefits, to be paid by the city in case the company refuses to perform its contract.

4. SAME—*city cannot change character of improvement after ordinance is passed.* Whether the paving of a portion of a street occupied by street railway tracks shall be done by the company under its agreement, which is in force, or by the city cannot be determined by the city after the passage of the ordinance providing for the paving of the street by special assessment but which provides that the cost of paving the strip in question, which is made a separate item, shall be assessed as public benefits, to be paid by the city in case the company refuses to perform its contract.

5. SAME—*when a supplemental ordinance is unauthorized.* A city is without authority, by a supplemental ordinance in a special assessment proceeding, to relieve from taxation any property benefited, by assessing against a part of the property benefited, and the general public, the entire cost of the improvement.

6. SAME—*total public benefits is part of cost of improvement.* The total public benefits assessed must be considered as a part of the entire cost of the improvement in ascertaining the amount to be abated proportionately to the public and the property owners, in case of a surplus.

250 — 18

APPEAL from the County Court of Logan county; the Hon. HOMER W. HALL, Judge, presiding.

BEACH & TRAPP, PETER MURPHY, and BALDWIN & STRINGER, for appellants.

URI KISSINGER, City Attorney, and BLINN & COVEY, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an appeal by certain property owners from a judgment of the county court of Logan county overruling their objections to the finding of that court, under section 84 of the Local Improvement act, as to the truth of the certificate of the board of local improvements of the city of Lincoln with reference to the paving of Kickapoo street, in that city, under a special assessment ordinance.

February 7, 1910, the city council of the city of Lincoln passed an ordinance for re-paving the roadway of Kickapoo street from Broadway to Galena street. At the time this ordinance was passed the Lincoln Railway and Light Company was occupying and using the central portion of the street with a single track of its street railway by virtue of an ordinance passed in March, 1891. The last mentioned ordinance provided that when the railway company laid its track upon any street or highway of said city that was paved it should pave it in like manner and with like material as that in use, and that when the city should cause any such street to be re-paved the street railway company should re-pave its portion of the street in the same manner. The ordinance further provided that if the street railway company should fail or neglect, upon sixty days' written notice, to pave its right of way, the city might remove the tracks from the street and pave that part also. The estimate as to the cost of this pavement in the local improvement ordinance was divided into two items, the first, $18,-

623.20, the cost of the paving exclusive of the street railway right of way, and the second, $4705.10, the cost of paving said right of way. The ordinance further provided that the board of local improvements should give said street railway company sixty days' notice, in writing, of the time fixed for beginning the work of the improvement, and if it should neglect or refuse to begin the work within the time fixed, then the city should remove the track from said street and improve said right of way at the same time and in the same manner as the remainder. The ordinance further provided that there should be assessed against and paid by said city of Lincoln, as public benefits, the cost of paving said right of way; that if said railway company should elect to improve the right of way as specified, then said assessment against the city for said right of way should be abated. Under the petition filed in the county court the president of said board of local improvements, as commissioner, spread the assessment, apportioning to private property $14,872, and to the city, as public benefits, $8456.30, stating that of this last named amount $4705.10 was the cost of paving the right of way of said railway company. Said special assessment was thereafter confirmed by the county court and a contract let for the work. The contract is not shown, but it seems to be conceded that it covered the work for the entire width of the street. There was no assessment against the railway company. Thereafter, June 6, 1910, the city council passed an ordinance wherein it recited the history of the granting of the franchise to said railway company in 1891, the passage of the local improvement ordinance for paving the street, and the giving of the notice to said company to pave the right of way; that said sixty days had expired and the company had refused and neglected to improve its right of way, but had stated to the city authorities that it was not financially able to do so and would be compelled to permit the city to remove its tracks on said street; that said street car line on said street, by

reason of the fact that it connected with the railway stations, was believed by the public authorities to be of general public benefit and that the earnings of said company were not sufficient to warrant the expense of paving said right of way. The ordinance then proceeded to provide that if said railway company should at its own expense re-lay and re-construct its track in said street between Broadway and Galena streets, using for the improvement new white oak ties and new rails weighing not less than sixty pounds to the yard, so constructed that the top should conform to the finished pavement of the street, then the city would waive the right to remove said track from said street by reason of the refusal and neglect of said company to pave its right of way, and that said track so re-laid and re-constructed should remain in said street and the street car service be continued, and that the expense of grading and paving said right of way should be paid by the city of Lincoln from its general funds in installments and by bonds issued as provided by said local improvement ordinance. Before this last ordinance went into effect certain property owners abutting on said street, by written notice, protested to the city authorities against making the above arrangement with the street car company and served a copy of said protest on the contractor. After the last mentioned ordinance was enacted it was duly accepted by the railway company, said company re-laying and re-constructing its track in accordance with the terms thereof and the pavement as to said right of way being laid by the contractor along with the rest of the pavement in the street. After the completion of the pavement as provided for in the contract, a petition was filed in said county court, together with a certificate of the board of local improvements that the paving had been completed in the manner and with the materials specified in the original ordinance. Said certificate stated that the actual cost of said pavement, exclusive of said right of way of the railway, including interest on bonds, was $18,064.50,

leaving an excess of the estimated cost over the actual cost of $558.70; that the actual cost of improving the street railway right of way was $4485.56; that said last named amount had been paid to the contractor out of the city's general funds; that the board asked that the original estimate for paving the railway right of way ($4705.10) should be deducted from the assessment against the city, and that the excess of assessment over the cost of said improvement, (exclusive of cost of right of way,) namely, $558.70, be abated and the judgment reduced proportionately to the public and the private property owners; that said improvement was completed, as provided for in the ordinance and specifications, September 6, 1910. After notice fixed by the court certain property owners, including these appellants, filed twenty-two objections to the certificate and the application of said board of local improvements for its approval. These objections, in substance, urged that the original ordinance was void in providing for the improvement of the entire street, including the right of way, without assessing any part of the cost against said company, and that the subsequent or supplemental ordinance was a fraud, in law, against the objectors and each of them. The objection was also made that the improvement had not been made in compliance with the original ordinance and specifications.

Counsel for appellee insist that this appeal should be dismissed; that the judgment of the court approving the certificate was conclusive on all parties, no appeal or writ of error being provided for under the statute. If the sole question here were whether the improvement had been completed in accordance with the contract the decision of the lower court on that point would be final, (*People* v. *Martin*, 243 Ill. 284,) but this court has held in *City of Peoria* v. *Smith*, 232 Ill. 561, that the finality of the court's order under said section 84 referred only to the court's finding that the improvement conforms substantially to the

requirements of the original ordinance. (*City of Chicago v. Smale*, 248 Ill. 414.) In this case the objectors offered no evidence that the improvement did not correspond to the requirements of the original ordinance, except that the railway was still in the street, and that the pavement as to its right of way had been put down by the city and not by the company.

It is, however, urged that both the original and subsequent ordinances are void. If the original ordinance is void the court had no jurisdiction and all the proceedings based upon the ordinance are consequently void. A legal and sufficient ordinance is the foundation of a valid assessment. The question of the validity of an ordinance is jurisdictional. (*O'Neil v. People*, 166 Ill. 561; *Culver v. People*, 161 id. 89.) A void ordinance is subject to a direct or collateral attack whenever its authority is invoked in a judicial proceeding. Municipal authorities must be able to show a warrant to tax which will justify their action. The authority must be followed strictly when seeking to levy an assessment. The power must be clearly given. It cannot be found in a general grant but must be conferred specially. "The mischief of a strict construction is easily obviated by the legislature, but the mischief of a liberal construction may be irremediable before it can be reached." (1 Cooley on Taxation,—3d ed.—469; Burroughs on Taxation, 472; 1 Page & Jones on Taxation by Assessment, sec. 234; 2 Desty on Taxation, 1234.) Special assessment proceedings in this State are purely statutory and unless authorized by the statute are void. (*Davis v. City of Litchfield*, 145 Ill. 313; *Waite v. Green River Drainage District*, 226 id. 207.) The original ordinance provided for paving the entire street, including the right of way of the railway. That the estimate was separated into two items does not change this fact. It is manifest from this record that the city authorities anticipated that the city railway company would not comply with the

original franchise ordinance and pave the right of way. The company was obligated by its franchise ordinance to do this paving, and the city authorities could not by the local improvement ordinance make that obligation more binding. The usual practice in this State is to make no provision as to paving the right of way of street railways which are under contracts similar to this. (*Billings* v. *City of Chicago,* 167 Ill. 337; *Chicago and Northern Pacific Railroad Co.* v. *City of Chicago,* 172 id. 66; *Kuehner* v. *City of Freeport,* 143 id. 92.) The practice in other jurisdictions differs on this question, (1 Page & Jones on Taxation by Assessment, secs. 603, 604,) but a recitation in the local improvement ordinance to the effect that the street railway right of way is required to be paved under the original franchise ordinance by the street railway company, while unnecessary, would not invalidate the ordinance. While the contract with the railway company as to paving this strip remains in force the city could not provide for paving it by special assessment. *City of Chicago* v. *Newberry Library,* 224 Ill. 330.

Counsel for appellee admit the property owners could not have their assessments increased to pay for paving this strip, but argue that the rule does not apply when the cost of paving such strip is paid for by the city as a part of the public benefits. We cannot agree with this contention. This court held in *City of Chicago* v. *Cummings,* 144 Ill. 446, that if an ordinance provided that a railway company should grade, pave and keep in repair a portion of the street occupied by it, only the cost of grading and paving the part outside of the sixteen feet occupied by the railway should have been assessed against the property benefited "or required to be paid by general taxation." The contract requiring the street railroad company to pave the portion of the street occupied by it is regarded in the decisions as an equivalent for the assessment. (*West Chicago Street Railroad Co.* v. *City of Chicago,* 178 Ill. 339.) The contract

is upon a good consideration. As long as the railway was operated or the company not released from its obligations the cost of paving the strip in question should have been left out of the assessment. (*Sawyer* v. *City of Chicago,* 183 Ill. 57.) In this last case the street railway company constructed its tracks in a certain street as authorized by its franchise ordinance and operated thereon for several years. Thereafter a sewer was built in the street, at which time the tracks were taken up. Later a local improvement ordinance was passed for paving the street, the entire cost of improving being levied against the adjoining property owners, as at that time the tracks of the street car company had not been re-laid. It was argued that the street car company had abandoned its franchise. The court said (p. 60) : "For aught that appears the street railway company has all the rights in the avenue that it ever had and may re-lay its tracks at any time. * * * It would be a manifest wrong to the property owners to compel them to pay for this improvement and after its completion have the street railway company re-lay its tracks and take the benefits." *City of Chicago* v. *Ayers,* 212 Ill. 59.

On principle and authority, so long as a contract of this kind is in force we can see no distinction, as to relieving the street railway company from carrying out its contract, whether the payment for the paving of the right of way is to be by special assessment on private property or from public benefits. Either plan would be a grave injustice and contrary to sound public policy. When the local improvement ordinance was passed the contract with the street railway company was still in force. This being so, the city had no authority to provide in this ordinance that this strip should be paved and charged to the city as a part of the public benefits. The assessment, including the private benefits, the cost of this strip and the remaining portion of the public benefits, was divided into ten installments in the assessment roll, and while the supplemental or subsequent

ordinance provided that it should be paid out of the general funds in installments and by bonds, as were the remaining costs of the improvement, it is apparent from this record that for some reason not shown the contractor was paid the entire amount for paving this strip on or before September 7, 1910, and was not paid by bonds and installments, as he was for the rest of the improvement. The total public benefits must necessarily be considered as a part of the entire cost of the improvement in ascertaining the amount to be abated proportionately to the public and the private property owners. It follows that if the original ordinance was valid the amounts abated to the property owners by the certificate were too small. If it be argued that the ordinance was conditional in its terms and did not provide that the city should make this improvement unless the street railway company failed to do it, the answer then must be that the description of the improvement in the ordinance is uncertain and indefinite. Moreover, the decision as to whether the work should be done by the city or the railway company could not be made after the passage of the original ordinance. The municipal authorities cannot by subsequent action change materially the nature of the improvement provided for in the original ordinance, as to its grade, location, size or character. *Whaples* v. *City of Waukegan,* 179 Ill. 310; *Church* v. *People,* 174 id. 366; *City of Paxton* v. *Bogardus,* 201 id. 628; *Boynton* v. *People,* 159 id. 553.

Under the supplemental ordinance appellee was without authority to relieve from taxation any property benefited by assessing against a part of the property benefited and the general public the entire cost of the improvement. *Spring Creek Drainage District* v. *Elgin, Joliet and Eastern Railway Co.* 249 Ill. 260.

It must be held that the original ordinance was void in providing for the paving of this strip by special assessment and charging the same as a part of the public benefits while

the contract with the railway was still in force. *Village of Madison* v. *Alton Traction Co.* 235 Ill. 346; *American Hide and Leather Co.* v. *City of Chicago,* 203 id. 451; *City of Chicago* v. *Nodeck,* 202 id. 257; *City of Chicago* v. *Newberry Library, supra.*

The county court was without jurisdiction to confirm the assessment or enter the order herein appealed from.

The judgment of the county court will be reversed.

*Judgment reversed.*