THE CITY OF LINCOLN, Appellee, vs. D. H. HARTS et al. Appellants.

*Opinion filed October 26, 1912—Rehearing denied Dec. 13, 1912.*

1. SPECIAL ASSESSMENTS—*a supplemental assessment cannot be levied if ordinance under which work was done was void.* If the ordinance under which the work was done is merely defective or insufficient a supplemental assessment to pay for the work may be levied under sections 57 and 58 of the Local Improvement act, but if the ordinance was void no supplemental assessment can be levied.

2. SAME—*when ordinance under which work was done is void.* Where the ordinance under which a pavement is laid illegally attempts to assess as public benefits the cost of paving a strip which a street railway was bound to pave at its expense, the ordinance is not merely defective but void, and no supplemental assessment can be levied under a new ordinance, which provides for a pavement of the same width as that provided for .in the original ordinance but omits the strip in question.

APPEAL from the County Court of Logan county; the Hon. J. B. WEAVER, Judge, presiding.

MANGAS & HILL, BALDWIN & STRINGER, BEACH & TRAPP, and McCORMICK & MURPHY, for appellants.

URI KISSINGER, City Attorney, (BLINN & COVEY, of counsel,) for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an appeal by certain property owners from a judgment of confirmation in a supplemental special assessment proceeding in the county court of Logan county.

In 1891 the Lincoln Railway and Light Company was authorized, by ordinance, to occupy and use with a single track, for street railway purposes, a seven-foot strip in the center of Kickapoo street, in the city of Lincoln, on the condition that it would pave said seven feet with like ma-

terial used by the city in paving the rest of the roadway, and re-pave under the same conditions when required by the city. In 1910 the original ordinance in this special assessment proceeding was passed by the city of Lincoln for re-paving the roadway of Kickapoo street from Broadway to Galena street a width of thirty feet, including the seven feet occupied by the street railway company. The ordinance, however, contained a provision that said seven feet, if not paved by the railway company, were to be paved by the city and paid as a part of the public benefits. A contract was thereafter let by the city for paving said street, covering all of the thirty feet. Later on, the city council, by an amendatory ordinance, relieved the railway company from paying the cost of any part of the seven-foot strip provided it would make certain improvements in its service and lay new rails for its track. The work of paving was completed under the contract, and objections were filed questioning the certificate of the board of local improvements, under section 84 of the Local Improvement act. From the judgment of the county court on that certificate an appeal was taken to this court in *City of Lincoln* v. *Harts,* 250 Ill. 273. The details of all the transactions up to that time are set out in that opinion and need not be re-stated here. After that case was reversed, without remanding, by this court the supplemental ordinance here in question was passed by the city council, setting out the history of the former proceedings and asking that a special assessment be levied to pay for the cost of paving said Kickapoo street from Broadway to Galena street, except the seven-foot strip occupied by the street railway right of way. In accordance with said supplemental ordinance, proceedings were instituted in the county court of Logan county, and an assessment levied against the property of appellants was confirmed, over objections.

It is contended by appellants that this court held in the former decision that the original ordinance was void, and

that therefore there was nothing upon which to base this ordinance. Counsel for appellee concede that if the original ordinance was absolutely void the contention of the appellants must be upheld. They, however, insist that the ordinance, as a whole, was not void; that the court's holding, in effect, was that the original ordinance was defective, and that therefore, under sections 57 and 58 of the Local Improvement act, (the original ordinance having been held invalid and the work having been done in good faith and · the assessment having been set aside by the court,) a new assessment can be made to pay for said improvement.

This court in a long line of decisions has held that if an ordinance under which an improvement is made is not a nullity but the defect therein is one which can be remedied by amendment a new assessment can be levied. These cases all proceed upon the theory that an ordinance existed when the work was done, although a part or section of the ordinance was invalid. (*Davis* v. *City of Litchfield,* 145 Ill. 313, and 155 id. 384; *Freeport Street Railway Co.* v. *City of Freeport,* 151 id. 451; *Foster* v. *City of Alton,* 173 id. 587; *West Chicago Park Comrs.* v. *Farber,* 171 id. 146; *Murray* v. *City of Chicago,* 175 id. 340; *Markley* v. *City of Chicago,* 190 id. 276; *City of Chicago* v. *Galt,* 225 id. 368; *City of Chicago* v. *Clark,* 233 id. 404.) Where, however, the original ordinance is absolutely void,— a mere nullity,—there is no ordinance in existence at the time the work is done. Under such circumstances a supplemental assessment cannot be levied under sections 57 and 58. (*City of East St. Louis* v. *Albrecht,* 150 Ill. 506; *City of Carlyle* v. *County of Clinton,* 140 id. 512; *City of Chicago* v. *Nodeck,* 202 id. 257; *American Hide and Leather Co.* v. *City of Chicago,* 203 id. 451; *People* v. *Lyon,* 218 id. 577; *City of Chicago* v. *Newberry Library,* 224 id. 330; see, also, *Madison* v. *Alton, etc. Traction Co.* 235 Ill. 346; *City of Taylorville* v. *Johnson,* 242 id. 175.) Clearly the legislature had these rules of law in mind when

they adopted sections 57 and 58 of the Local Improvement act of 1897. Section 57 is practically the same as section 46 of the former Special Assessment act. Section 58 is substantially new. That section, in part, reads: "This provision shall only apply when the prior ordinance shall be held insufficient for the purpose of such assessment, or otherwise defective, so that the collection of the assessment therein provided for becomes impossible." The words "insufficient," "or otherwise defective," plainly indicate that this section was only to apply when the ordinance was defective and not when it was a nullity.

This court had a local improvement proceeding very similar as to facts and practically identical in principle with this, before it in the four following cases, viz.: *Pells* v. *People,* 159 Ill. 580; *Pells* v. *City of Paxton,* 176 id. 318; *City of Paxton* v. *Bogardus,* 188 id. 72; *Same* v. *Same,* 201 id. 628. In the proceeding passed upon in those cases the city authorities of Paxton passed an ordinance to construct a pavement sixty-one feet in width, and the contract was let under that ordinance. After the contract was let the city passed a new ordinance, changing the width of the pavement from sixty-one to fifty-three feet. It was held by this court in that litigation that the assessment could not be collected under the second or supplemental ordinance as the improvement was one different from that provided for in the original ordinance. Many of the authorities relied upon by counsel for appellee in this case were cited and relied upon in that litigation. In *Pells* v. *City of Paxton, supra,* the same distinction between a defective and an absolutely void ordinance was made as has already been made in this opinion.

It is argued, however, that the property owners can not raise the question as to paving the seven-foot strip, as they were not assessed to pay for the paving of said strip and therefore are not injured. The same argument was made in *City of Chicago* v. *Ayers,* 212 Ill. 59. In that

case the original ordinance provided for the pavement of a street fifty feet wide and a contract was let to construct the same. Thereafter a street railway company agreed to pay for paving the central sixteen feet of said street, and an ordinance was passed widening the roadway to be paved from fifty to sixty-four feet, and the street was then paved, by an arrangement made with the contractor, sixty-four feet in width. After the confirmation of the original assessment a writ of error was sued out of the Supreme Court by some of the property owners, and the judgment was reversed on the ground that certain flat stones specified in the ordinance were not properly described. As a result, sufficient money was not collected to pay for said improvement. Supplemental proceedings under sections 57 and 58 of the Local Improvement act were instituted by the city authorities to levy an assessment on the property as to which the original judgment was reversed by this court. It was there urged that the street railway company was to pay for paving the sixteen-foot strip in the center of the street and that the property owners would not have to pay for more paving than they would with the improvement as originally designed. This court said, in discussing that question (p. 61): "The fact that the property owners were not to pay the increased cost makes no difference at all in determining whether the improvement be the same improvement contemplated by the original ordinance, and if, upon increasing the width of the roadway twenty-eight per cent, the city became entitled to a judgment to the effect that the improvement was still the same improvement by showing that it was as beneficial to the property owners as the original improvement would have been, by making the same showing the city would be entitled to the same judgment if the width of the pavement had been reduced twenty-eight per cent. * * * The fact that the additional cost was to be paid by some person other than the

256 — 17

property owners is entirely without weight in determining whether the improvement made was the one for which the property was originally assessed." It was held in that case that the assessment could not be levied under the supplemental ordinance. It is impossible, on principle, to distinguish that case from this. In this case the original ordinance called for paving a street thirty feet in width, including the seven-foot right of way of the street railway company. The supplemental ordinance described the improvement as a pavement thirty feet in width, with the seven-foot strip occupied as a right of way by said street railway company left out. Manifestly, the present ordinance provides for a different improvement from that provided for in the original ordinance.

In the recent case of *City of Waukegan* v. *Lyon,* 253 Ill. 452, it was held that where the estimated cost of the improvement exceeded $100,000 the ordinance must be published under section 11 of the Local Improvement act, and if such requirement was not complied with the ordinance was void and would not support a new assessment against property for the completed work, under section 58 of the said act.

In *City of Lincoln* v. *Harts, supra,* we held that the city authorities of the city of Lincoln could not relieve the street railway company from carrying out its contract for the paving of its right of way. If these supplemental proceedings be upheld, the city will, in effect, succeed in doing that which this court held in that case was illegal. We there held the original ordinance a nullity.

The judgment of the county court will be reversed.

*Judgment reversed.*