THE CITY OF LINCOLN, Appellant, *vs.* D. H. HARTS *et al.* Appellees.

*Opinion filed December 16, 1914—Rehearing denied Feb. 9, 1915.*

I. SPECIAL ASSESSMENTS—*section 57 of Improvement act authorizes new assessment though original ordinance was void.* Section 57 of the Local Improvement act, as amended in 1913, (Laws of 1913, p. 166,) expressly authorizes a new assessment if any special assessment has been declared void for any reason whatever, including the reason that the ordinance under which it was levied was void.

2. SAME—*both sections 57 and 58 of the Improvement act, as amended in 1913, are retrospective in operation.* Sections 57 and 58 of the Local Improvement act, as amended in 1913, (Laws of 1913, p. 166,) must be construed together, and when so construed they are both retrospective in operation, and provide, in substance, that an ordinance may be passed for a new assessment to pay for work done before the amendment went into effect, and that such assessment shall not be held invalid or void because levied for work already done.

3. SAME—*an ordinance is the act of the city council though void.* It is essential to the validity of a new assessment under sections 57 and 58 of the Local Improvement act, as amended in 1913, that the work for the payment of which the new assessment is levied shall have been done under a contract duly let and entered into pursuant to an ordinance for the construction of the improvement; but the fact that the ordinance was void does not make it any less the act of the city council.

4. SAME—*amendment of 1913 not invalid as vesting power to make improvements in board of local improvements.* The amendment of 1913 to sections 57 and 58 of the Local Improvement act is not unconstitutional as authorizing the making of local improvements by the board of local improvements instead of the "corporate authorities," as no new powers are given by the amendment to the board of local improvements but its powers are still those of investigation, recommendation and supervision, only.

5. SAME—*the board of local improvements is not authorized to accept different kind of improvement from that prescribed.* Sections 57 and 58 of the Local Improvement act, as amended in 1913, do not authorize the board of local improvements to accept a substantially different improvement from that provided for in the ordinance, but merely provide that a failure to comply in every detail of workmanship or material, where the board of local improve-

ments has accepted the work as a compliance with the ordinance, cannot be availed of to defeat the new assessment.

6. SAME—*sections 57 and 58 of Improvement act not invalid as destroying vested rights of defense.* The fact that sections 57 and 58 of the Local Improvement act, as amended in 1913, are retrospective in operation does not render them unconstitutional as an invasion of vested rights in depriving property owners of defenses which were complete when the amendment took effect.

APPEAL from the County Court of Logan county; the Hon. CHARLES J. GEHLBACH, Judge, presiding.

URI KISSINGER, City Attorney, and HUMPHREY & ANDERSON, (TOLMAN & REDFIELD, of counsel,) for appellant.

MANGAS & HILL, and McCORMICK & MURPHY, for appellees.

Mr. JUSTICE DUNN delivered the opinion of the court:

The city council of the city of Lincoln passed an ordinance for the re-paving, by special assessment, of Kickapoo street from Broadway to Galena street. After the completion of the paving a petition was presented to the county court under section 84 of the Local Improvement act, with the result that upon an appeal to this court the ordinance was held void and the confirmation of the assessment without jurisdiction. (*City of Lincoln* v. *Harts,* 250 Ill. 273.) Thereupon a supplemental ordinance was passed by the city council, under the supposed authority of sections 57 and 58 of the Local Improvement act, for the purpose of paying the cost of the improvement, except the seven-foot right of way occupied by the street railway company. The county court confirmed an assessment levied under this ordinance, but this court reversed the judgment at the December term, 1912, because sections 57 and 58 conferred no authority for the levy of a supplemental assessment where the original ordinance was void. (*City of Lincoln* v. *Harts,* 256 Ill. 253.) At the next session of the legislature these sections

were amended, and the city council then passed an ordinance for the levy of an assessment to pay the cost of the pavement, except the right of way. The present appeal is from an order of the county court of Logan county dismissing the petition of the city of Lincoln, which prayed for the levy of an assessment under the last ordinance.

The changes made in sections 57 and 58 by the amendment appear below. The words added to the original sections appear in italics, the words of the original sections omitted appear in small capitals, enclosed in parentheses.

"Sec. 57. If any *special* assessment *or special tax has heretofore been or* shall *hereafter* be annulled by the city council or board of trustees, or set aside by any court *or declared invalid or void for any reason whatsoever,* a new assessment *or tax* may be made and returned and like notice *shall be* given and proceedings had as herein required in relation to the first; *and if any local improvement has heretofore been or shall hereafter be constructed under the direction of the board of local improvements and has been or shall be accepted by such board, and the special assessment or special tax levied or attempted to be levied to pay for the cost of such an improvement has been or shall be so annulled, set aside or declared invalid or void, then a new special assessment or special tax may be made and returned to pay for the cost of the improvement so constructed, or to pay for the cost of such part thereof as the city council or board of trustees might lawfully have authorized to be constructed and paid for by special assessment or special tax.* (AND) All parties in interest shall have like rights, and the city council or board of trustees, and the court shall perform like duties and have like power in relation to any subsequent assessment *or tax* as are hereby given in relation to the first. (ASSESSMENT.)

"Sec. 58. No special assessment *or special tax* shall be held *invalid or* void because levied for work already done, (UNDER A PRIOR ORDINANCE) if it shall appear that such

work was done (IN GOOD FAITH BY THE) *under a* contract *which has been* duly let and (EXECUTED) *entered into* pursuant to an ordinance providing that such *an* improvement should be *constructed and* paid for by special assessment or special tax, *and that the work was done under the direction of the board of local improvements and has been accepted by such board; nor shall it be a valid objection to the confirmation of such new assessment that the original ordinance has been declared void or that the improvement as actually constructed does not conform to the description thereof as set forth in the original special assessment ordinance, if the improvement so constructed is accepted by the board of local improvements. The provisions of this section* (THIS PROVISION) shall (ONLY) apply when*ever* the prior ordinance shall be held insufficient (FOR THE PURPOSE OF SUCH ASSESSMENT) or otherwise defective, *invalid or void,* so that the collection of the *special* assessment *or special tax* therein provided for becomes impossible. (A NEW OR SPECIAL ORDINANCE SHALL IN SUCH CASE BE PASSED PROVIDING FOR SUCH ASSESSMENT.) *In every such case, when such an improvement has been so constructed and accepted, and the proceedings for the confirmation and collection of the special assessment or special tax are thus rendered unavailing, it shall be the duty of the city council or board of trustees to pass a new ordinance for the making and collection of a new special assessment or special tax,* and such ordinance need not be presented by the board of local improvements." (Laws of 1913, p. 166.)

Section 84 was also amended by adding to it the following: "Nothing in this section contained shall be construed to apply or shall apply to any proceedings under sections 57 and 58 of this act or either of them, for the confirmation of new assessments levied to pay for the cost of work already done."

It is apparent that the purpose of the amendment of sections 57 and 58 was to enable the city council to provide

for the payment of the cost of an improvement which had been already constructed under an ordinance which had been declared void, by passing an ordinance authorizing a new special assessment for that purpose, or to provide in like manner for the payment of such part of an improvement as the city council might have lawfully authorized to be constructed and paid for by special assessment where a part of such improvement was not authorized by law. Sections 57 and 58, before their amendment, authorized the levy of a special assessment to pay for a street improvement already completed even though the ordinance had been held so defective that no assessment could be made under it, but if the ordinance was void it had been held in numerous cases cited in *City of Lincoln* v. *Harts,* 256 Ill. 253, that no new assessment could be made under those sections.

It is insisted by counsel for appellees that section 57 is still applicable, even after the amendment, only in cases where a valid ordinance, though defective, providing for the improvement, exists. The language of the section is a complete answer to this position, for it expressly authorizes a new assessment if any special assessment has been declared void for any reason whatever, and this includes the reason that the ordinance under which it was levied was void, and section 58 expressly declares that it shall not be a valid objection to confirmation of the new assessment that the original ordinance has been declared void.

It is argued for the appellees that section 58 is not retrospective in its operation and therefore has no application to this improvement, which was completed before the section was amended. The two sections deal with a single subject matter,—new assessments to pay for completed improvements,—and are to be construed together. Section 57 is expressly declared to be applicable to improvements already constructed when the act went into effect and authorizes an ordinance providing for a new special assessment to pay for such improvements. Section 58 deals with the

enforcement of such ordinances, only, as are authorized by section 57, and the two sections together provide, in substance, that an ordinance may be passed for a new assessment to pay for work done before the amendment went into effect and that such assessment shall not be held invalid or void because levied for work already done.

It is insisted that the amendment, if given this construction, is unconstitutional, because it would authorize the making of local improvements by a different authority from the corporate authorities in whom, alone, the legislature may vest such power under section 9 of article 9 of the constitution. The board of local improvements cannot be held to be the corporate authorities of the city, (*Givins* v. *City of Chicago,* 188 Ill. 348,) and the argument is that a void ordinance confers no authority, and if a local improvement is constructed under a void ordinance it is, in fact, made by the board of local improvements. Particularly is this so, it is claimed, where the improvement actually constructed is not required to conform to the description thereof as set forth in the original special assessment ordinance and the element of good faith in the construction of the work under the ordinance has been eliminated. Counsel say: "If the board of local improvements can build an improvement and accept it and thereby bind the city and property of its citizens, regardless of the specifications and description contained in the ordinance, is it not, in effect, vesting in the board of local improvements a power which can, under the constitution, only be given to corporate authorities of cities and villages?" It was held in *Givins* v. *City of Chicago, supra,* that the Local Improvement act did not vest the board of local improvements with power to make local improvements by special assessment, but that it created a municipal agency for the purposes and with the powers mentioned in the act. The amendment in question confers no additional powers on the board of local improvements. Its duties are still only those of investiga-

tion, recommendation and supervision. Under the statute a local improvement to be paid for by special assessment must be prescribed by ordinance. Such ordinance is necessarily an act of the city council though it may be void. It is essential to the validity of a new assessment, under the amended sections, that the work for the payment of which the special assessment is levied shall have been done under a contract duly let and entered into pursuant to an ordinance for the construction of the improvement. If the city council, acting by resolution, without an ordinance, should direct the construction of a public improvement, the improvement would be the act of the council though it might have been unauthorized by law. If the city council, acting, in form, by an ordinance, should direct the construction of a public improvement, the improvement would be the act of the council though the ordinance might have been void. Work actually caused to be done by the city council is done by the corporate authorities, even if such authorities exceeded their lawful power in doing it.

It is contended that the board of local improvements is not bound to construct the improvement provided for in the ordinance but may construct an entirely different improvement so far as its description is concerned, for which a re-assessment may be made. It is only in case of an improvement which the city council has authorized by an ordinance, pursuant to which a contract has been duly let and entered into, that a re-assessment to pay the cost of the improvement is authorized. The amendment does not authorize the construction of a different improvement from that authorized by the ordinance, nor does it authorize a substantial departure from the specifications contained in the ordinance. The statute requires the ordinance to prescribe the nature, character, locality and description of the improvement. The amended sections provide for a re-assessment only where such an improvement as that prescribed has been constructed, but it further provides that it shall

not be a valid objection to the confirmation of the new assessment that the improvement as actually constructed does not conform to the description thereof as set forth in the original special assessment ordinance, if the improvement so constructed is accepted by the board of local improvements. The variances in description thus declared not to be valid objections to the new assessment refer only to such matters of description as do not constitute the improvement actually made another or different improvement from that authorized. The construction of a different kind of improvement, or of an improvement in a different place, or substantially of different material, could not be disregarded as a mere variance in description, but a failure to comply in every detail of workmanship or material, where the board of local improvements has accepted the work as a compliance with the ordinance, cannot be availed of to defeat the re-assessment.

It is argued that the amendment, if retrospective, invades vested rights and deprives the appellees of defenses that were complete when the amendment took effect. This objection is constitutional and founded on the requirement of due process of law for the taking of a citizen's property. The final authority on this question is the Supreme Court of the United States, and it has answered the objections in *Spencer* v. *Merchant,* 125 U. S. 345, and *City of Seattle* v. *Kelleher,* 195 id. 351. In the former case an assessment made under an unconstitutional statute had been held void, and a subsequent statute authorizing a re-assessment of the portion of the costs of the improvement which remained unpaid upon the lands which had not paid their share of the original assessment was held not to violate the constitutional prohibition against the taking of property without due process of law. In the latter case an assessment had been held void, and a new assessment having been made under a statute subsequently passed, upon a bill filed by a property owner a decree was rendered enjoining the city

from enforcing the assessment and holding it void under the fourteenth amendment to the Federal constitution. This decree was reversed, and the court said (p. 359): "The answer to the other objections may be made in few words. If, as is said, planking was not authorized under the word 'sidewalks,' in ordinance No. 1285, the city has done or adopted the work and presumably has paid for it. At the end the benefit was there on the ground, at the city's expense. The principles of taxation are not those of contract. A special assessment may be levied upon an executed consideration,—that is to say, for a public work already done. (Citing cases.) If this were not so it might be hard to justify re-assessments. * * * The charge of planking, on the general taxes, was not a contract with the land owners, and no more prevented a special assessment being authorized for it later than silence of the law at the same time as to how it should be paid for would have. In either case the legislature could do as it thought best. Of course, it does not matter that this is called a re-assessment. A re-assessment may be a new assessment. Whatever the legislature could authorize if it were ordering an assessment for the first time it equally could authorize notwithstanding a previous invalid attempt to assess. The previous attempt left the city free 'to take such steps as were within its power to take, either under existing statutes or under any authority that might thereafter be conferred upon it, to make a new assessment upon the plaintiff's abutting property' in any constitutional way."

No assessment was made against the street railway company and its right of way was not included within the terms of the ordinance. The ordinance under which the street railway was constructed in the street constituted a contract between the city and the company which measured their respective rights and liabilities in regard to the paving. In this proceeding no question between the city and the street railway company is material. The city has the

power to pave, by special assessment, the part of the street which the street railway company is not bound to pave. That is all this ordinance attempts to do. This is a new proceeding independent of the former ineffectual attempts to enforce special assessments for the paving of this street. It is founded on a new and different statute. It is not our duty to determine whether this new legislation is wise or even whether it is just. We can only decide whether the legislature has the power to enact it. The question whether it shall be enacted is for the legislature, only.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*