City of Lincoln by W. W. Houser, Appellee, v. A. D. Thompson, Appellant.

1. MUNICIPAL CORPORATIONS, § 377*—*when contract for local improvements invalid.* A city cannot let a contract for a local improvement without an ordinance and without advertising for bids, and where it does so the contract is without authority of law and the allowance and payment by the city of the contract price therefor is unauthorized.

2. MUNICIPAL CORPORATIONS, § 419*—*right to recover back money paid on illegal contract for local improvements.* Where a city lets a contract for street paving without an ordinance and without advertising for bids and the work is performed by the contractor and accepted and paid for by the city, any citizen may bring an action in the name of the City to recover back the money thus illegally expended.

Appeal from the Circuit Court of Logan county; the Hon. THOMAS M. HARRIS, Judge, presiding. Heard in this court at the April term, 1914. Affirmed. Opinion filed October 16, 1914.

HUMPHREY & ANDERSON, for appellant.

McCORMICK & MURPHY, for appellee.

MR. JUSTICE SCHOLFIELD delivered the opinion of the court.

This is an action by the City of Lincoln, Illinois, on the relation of W. W. Houser, a taxpayer of said City,

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

appellee, against A. D. Thompson, appellant, to recover the sum of $4,485.56 and interest, alleged to have been unlawfully paid by the City of Lincoln to the appellant on a paving contract. The case was decided on the pleadings. The appellee filed his declaration to which a demurrer was filed and overruled. Pleas were then filed to the declaration, to which demurrers were filed and sustained except the general issue to the common counts, which were withdrawn and judgment was entered by default and the damages assessed and judgment rendered. The errors assigned are, overruling the demurrer to the declaration and sustaining the demurrers to the pleas.

The facts and circumstances touching the making of the pavement and the payment of the amount in question here to the appellant are found and set forth in the case of *City of Lincoln v. Harts*, 250 Ill. 273, and 256 Ill. 253. The City of Lincoln made a contract with appellant to pave Kickapoo street in that City between the railroad tracks and paid him out of the general funds of the City. The contract amounted to over $4,000. Two ordinances had been passed for the paving of this street, which had been declared void by the Supreme Court in the cause of *City of Lincoln v. Harts*, 256 Ill. 253. So far as this contract is based upon either one of these ordinances of course there can be no recovery, and the only question that remains is whether a municipality can let a contract without an ordinance and without advertising for bids to do work of this kind for this amount. Clearly the City had no right to do so as it was directly in conflict with the provisions of the statute in regard to local improvements, which prohibits a city from letting any such contracts in this way. The contract was without warrant of law and the allowance and payment by the City of the contract price therefor was unauthorized. The statute gives the right to any citizen to bring suit in the name of the City to recover for moneys illegally

expended. That was done in this case and the judgment must be affirmed.

*Affirmed.*